867 So.2d 993 (2004)
Carroll Riley FLOYD and Constance Grigg Floyd, Plaintiffs-Appellants,
v.
CITY OF BOSSIER CITY, Defendant-Appellee.
No. 38,187-CA.
Court of Appeal of Louisiana, Second Circuit.
March 5, 2004.
*995 Ronald Douglas Smith, Shreveport, for Appellants.
Lemle & Kelleher, L.L.P., by Robert William Kyle, Shreveport, for Appellee.
Before GASKINS, DREW and MOORE, JJ.
DREW, J.
Carroll Riley Floyd and Constance Grigg Floyd, plaintiffs, appeal the trial court judgment, which sustained Bossier City's exception of res judicata based upon the judgment in an earlier action filed by the plaintiffs against the City. On appeal, the plaintiffs contend that the trial court erred in failing to give the Floyds the opportunity to amend their petition, which was dismissed with prejudice when the trial court sustained and granted the City's peremptory exception of peremption. The Floyds also argue that exceptional circumstances exist which justify their being granted relief from res judicata. For the following reasons, the judgment is affirmed.

FACTUAL AND PROCEDURAL BACKGROUND
In May 1994, the Floyds bought a piece of property on Wilhelmina Street in Bossier City near the Red River. They did not pay the property taxes owed for the 1995 tax year, and on July 2, 1996, the property was adjudicated to the City. The adjudication was recorded in the public records of Bossier Parish on July 5, 1996.
In the summer of 2001, the Floyds inquired of the City the amount of taxes, penalties and interest due on the property, and whether they could redeem the property. By this time, the property was the subject of a proposed entertainment/shopping development later known as the Louisiana Riverwalk. Although the City initially provided a breakdown of the costs required to redeem the property, the Floyds later learned that the City did not intend to permit the redemption.
On December 4, 2001, the City of Bossier City passed an ordinance authorizing the City to acquire the property in question under the auspices of La. R.S. 33:2891.1, et seq., a statute which became effective on August 15, 2001. The ordinance was recorded in the conveyance records on December 27, 2001, and the City mailed to the Floyds notice of the passage of the ordinance by certified mail, return receipt requested, on January 24, 2002.
On May 23, 2002, the Floyds filed their first lawsuit, a "Petition Contesting Acquisition of Adjudicated Property," in the district court. They alleged that they are the owners of the property described as:

*996 LOT FOUR (4), BLOCK TEN (10), McCormick Annex East, a subdivision of the City of Bossier City, Bossier Parish, Louisiana, as per plat thereof recorded in the Conveyance records of Bossier Parish, Louisiana, together with all buildings and improvements thereon; being also municipally known as 114 Wilhelmina Street, Bossier City, Louisiana.
They further alleged:
 The property was adjudicated to the City on July 2, 1996, for non-payment of taxes; the adjudication deed was recorded July 5, 1996, under Registry No. 617716, Conveyance Book 1116, Page 268, Bossier Parish, Louisiana.
 The City had a long-standing policy of allowing property owners to redeem adjudicated properties from the City even after the three-year redemptive period provided by law had elapsed so long as the owners were willing to pay the back taxes and associated penalties, interest, and costs.
 Plaintiffs endeavored to redeem their property in April 2001 per this policy. On July 9, 2001, plaintiffs' counsel received a fax stating the amount for redemption was $4,346.03.
 Through La. R.S. 33:2881.1, et seq., the City enacted Ordinance 126 of 2001 in an effort to assist the private land developer of the Louisiana Riverwalk acquire the property.
 Plaintiffs received notice of the recordation of the ordinance more than 30 days after that event.
 The City is attempting to take their property without due process of law.
The Floyds demanded that the court:
(1) deny the City the right to acquire the property;
(2) order the City to accept the Floyds' tender of back taxes, interest, penalties and costs;
(3) order the Clerk of Court of Bossier Parish to cancel the inscription of the ordinance from the conveyance records; and
(4) award the Floyds attorney fees and costs.
In response to this lawsuit, Bossier City filed an exception of peremption. The City cited La. R.S. 33:2891.3(C) for the proposition that any challenge to an ordinance like the one passed regarding the subject property must be brought within 120 days of the recordation of the ordinance in the public records. The City asserted that the ordinance was recorded on December 27, 2001, and calculated that 120 days from that date was April 26, 2002. The City argued that the Floyds' petition filed on May 23, 2002, came too late.
The district court heard argument on the exception on September 6, 2002, and that same day the court signed a judgment sustaining the exception of peremption and dismissing the Floyds' action. The Floyds did not appeal this judgment signed and filed on September 16, 2002.
On December 3, 2002, the Floyds filed the present lawsuit against the City of Bossier City, this time seeking money damages for the alleged wrongful refusal of the City to allow them to redeem the property seized in 1996 for non-payment of taxes. The City opposed this lawsuit with an exception of res judicata.
In the Floyds' second action against the City, they reiterated the basic allegations of their first petition (the first 16 paragraphs are identical) and demanded money damages from the City in the amount of $123,916.00. The Floyds asserted that Bossier City had continued its practice of allowing out-of-time redemptions *997 for other persons while refusing to allow the Floyds to redeem this piece of property.
Bossier City, in response to the second lawsuit, filed an exception of res judicata, urging that the subject matter of both lawsuits was the redemption of the same piece of property and that the judgment dismissing the Floyds' first petition was final. In response, the Floyds argued that the judgment in the first action was not valid or final, that no issue was actually litigated and determined in the first action, that the actions are not on the same subject matter, and that the exceptional circumstances of this case justify an exception to res judicata. On February 13, 2003, the district court heard argument on the exception and verbally sustained the exception. The Floyds thereafter filed a motion for new trial which the court denied after a hearing on May 5, 2003. The Floyds filed this appeal.

DISCUSSION
La. R.S. 13:4231 provides, in part:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
. . . . .
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
The standard of review of a ruling on an exception of res judicata is manifest error when the exception is raised before the case is submitted and evidence is received from both sides. Medicus v. Scott, 32,326 (La.App.2d Cir.9/22/99), 744 So.2d 192.
The central inquiry is not whether the second action is based on the same cause of action, but whether the second action asserts a cause of action which arises out of the transaction or occurrence which was the subject matter of the first action. Tate v. Prewitt, 33,895 (La.App.2d Cir.9/27/00), 769 So.2d 800, writ denied, XXXX-XXXX (La.1/26/01), 781 So.2d 1265. After a final judgment, res judicata bars relitigation of any subject matter arising from the same transaction or occurrence of a previous suit. This promotes judicial efficiency and final resolution of disputes. Id. See also comment (a) to La. R.S. 13:4231. A judgment determining the merits of a case is a final judgment. La. C.C.P. art. 1841. The concept of res judicata should be rejected when doubts exist as to whether a plaintiff's substantive rights actually have been previously addressed and finally resolved. Once a final judgment acquires the authority of the thing adjudged, no court has jurisdiction to change the judgment. Tate, supra.
On appeal, the Floyds first argue that the former judgment of the district court is not valid and final because the court dismissed their action on the grant of a peremptory exception without allowing them the opportunity to amend their petition to cure the defect per La. C.C.P. art. 934. We reject this argument. The plaintiffs sought no review of the district court judgment on that or any other ground; the judgment became final. Moreover, when the exception is sustained, Article 934 only requires an amendment *998 when such an amendment may remove the grounds for the objection pleaded by the exception. In this case, the facts and, in particular, the dates as asserted by the plaintiffs showed that their lawsuit was perempted by the terms of the statute. No amendment could cure this untimely filing.
Next, the Floyds argue that their second petition was not on the same subject matter as their first petition. They assert that their first petition sought to challenge the validity of the City ordinance, not the pecuniary damages they sought in their second petition. We reject this argument as well. The current version of res judicata applies to all causes of action arising out of the transaction or occurrence that was the subject matter of the litigation. Clearly the parties' rights to the Wilhelmina Street property were the subject matter of the first litigation, and any damages that the City might arguendo have owed the Floyds as a result of the City's actions could flow only from the Floyds' rights, if any, to the property.
The Floyds' third argument is a permutation of this argument; they assert that the issue of damages was not actually litigated and determined in the first action. However, the City's exception of res judicata was not directed at only the issue of damages (collateral estoppel) under La. R.S. 13:4231(3), but instead, challenged under La. R.S. 13:4231(2) all of the claims raised by the Floyds, a distinction this court observed in Hudson v. City of Bossier City, 33,620 (La.App.2d Cir.8/25/00), 766 So.2d 738, writ denied, 2000-2687 (La.11/27/00), 775 So.2d 450. Because the subject matter of both lawsuits fundamentally concerns the parties' rights to the property, the final judgment in the first action precluded any future claims by the Floyds to the property.
Finally, the Floyds argue that this case presents an exceptional circumstance where the district court should have exercised its discretion to disregard the res judicata effect of the earlier judgment. La. R.S. 13:4232 provides, in part:
A. A judgment does not bar another action by the plaintiff:
(1) When exceptional circumstances justify relief from the res judicata effect of the judgment....
Louisiana's exceptions to res judicata are similar to those recognized in the common law. See discussion in Shearman v. Asher, XXXX-XXXX (La.App. 4th Cir.7/2/03), 851 So.2d 1226.
La. R.S. 13:4231(1) gives the court the discretion to balance the principle of res judicata with the interests of justice. This discretion must be exercised on a case-by-case basis and relief granted only in exceptional circumstances. It is not to be used where plaintiffs simply fail to assert a right or claim through oversight. See comment to La. R.S. 13:4232. We believe that no exceptional circumstances are present in the instant case. The failure to raise a claim that arises from the transaction or occurrence amounts to a waiver of that claim. Medicus, supra. The Floyds should have brought their demand for damages as an alternative in their first action, and they offer no reason why they were prevented from doing so.

CONCLUSION
Accordingly, the judgment of the district court is affirmed at appellants' cost.
AFFIRMED.