WILLIAMS, J.
hThe plaintiff, William Sours, appeals the judgment of the trial court sustaining an exception of res judicata filed by the defendant, Donald L. Kneipp, in this legal malpractice proceeding. For the reasons assigned below, .the judgment of the trial court is hereby affirmed.
*982 FACTS
Williams Sours, a resident of California, retained Donald Kneipp to file a lawsuit on his behalf challenging a Louisiana property settlement Mr. Sours had entered into upon the dissolution of his marriage. The trial court rejected Mr. Sours’ demands and ruled in favor of his former wife. Mr. Sours appealed, and in an unpublished opinion, this court affirmed the trial court’s ruling. Sours v. Sours, 38,055 (La.App.2d Cir.1/28/04), 864 So.2d 909 (unpublished), writ denied, 2004-0543 (La.4/3/04), 872 So.2d 469.
While the appeal was pending, Mr. Kneipp filed a lawsuit against Mr. Sours, alleging he was owed unpaid legal fees. Mr. Sours, in proper person, filed an answer and reconventional demand against Mr. Kneipp, alleging negligence. In response, Mr. Kneipp filed an exception of prescription. The trial court sustained the exception of prescription and dismissed Mr. Sours’ reconventional demand. In another unpublished opinion, this court affirmed. Kneipp v. Sours, 39,853 (La.App.2d Cir.6/29/05), 905 So.2d 504 (unpublished).
While the appeal in Kneipp v. Sours was pending, Mr. Sours, in proper person, filed suit against Mr. Kneipp for “breach of contract,” alleging Mr. Kneipp “warranted to plaintiff that the rulings of the [trial court] ... would be overturned on appeal.” [1] In response, Mr. Kneipp filed | gan exception of res judicata, arguing that Mr. Sours’ action against him should be dismissed because the reconventional demand had been dismissed pursuant to an exception of prescription, and the suit for breach of contract arose out of the same occurrence that was the subject matter of the reconventional demand. The trial court sustained the exception of res judicata and dismissed Mr. Sours’ claim with prejudice. This appeal followed.
DISCUSSION
LSA-R.S. 13:4231 provides:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action of those causes of action.
(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
Under LSA-R.S. 13:4231, a second action is precluded by res judicata |awhen all of the following are satisfied: (1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litiga *983 tion. Burguieres v. Pollingue, 2002-1385 (La.2/25/03), 843 So.2d 1049; Jones v. Bethard, 39,575 (La.App.2d Cir.4/13/05), 900 So.2d 1081.
The central inquiry on an exception of res judicata is not whether the second action is based on the same cause of action, but whether the second action asserts a cause of action that arises out of the transaction or occurrence which was the subject matter of the first action. Jones, supra; Floyd v. City of Bossier City, 38,187 (La.App.2d Cir.3/5/04), 867 So.2d 993. After a final judgment, res judicata bars relitigation of any subject matter arising from the same transaction or occurrence of a previous suit. Id.
In the instant case, Mr. Sours first contends Mr. Kneipp failed to meet his burden of proof on the exception of res judicata because he failed to “file a memorandum of points or authorities setting forth how the law prescribes this action.” Mr. Sours points out that Mr. Kneipp “did not set forth any legal authority other than a citation to the statute.”
We reject that argument because Mr. Kneipp not only asserted the applicability of LSA-R.S. 13:4231 in his exception of res judicata, but also argued the applicability of that statute to the facts of the case when the |4exception was argued before the trial court. Additionally, we note that Mr. Sours filed an opposition to Mr. Kneipp’s exception in which Mr. Sours himself gave the procedural history of the case, including pertinent dates, and argued that his reconventional demand against Mr. Kneipp was a demand for professional negligence, Mr. Kneipp’s representation in the divorce and custody matters having resulted in sanctions being awarded against Mr. Sours. Finally, we observe that counsel for Mr. Hobbs gave a procedural history to the court at the hearing, and when asked if he had any disagreements with counsel’s recitation, Mr. Sours responded, “It sounded correct.” Later in the hearing, the trial court addressed Mr. Sours with regard to the exception of res judicata as follows:
Okay, so you ... As I understand it then, you’re saying there was a suit for malpractice for the handling of your domestic case, but then this is a separate claim that arises from the agreement or representation or guarantee, I guess, that Mr. Kneipp and Mr. Hobbs made to you about what was going to happen on your appeal?
Mr. Sours responded, “That would be correct.”
Under these circumstances, we reject Mr. Sours’ claim that Mr. Kneipp failed to file a memorandum “setting forth how the law prescribes this action” and ' did not show how the law applied to the facts of this cáse. There has never been a disagreement among the parties concerning the procedural history of thé case, and Mr. Kneipp did not need to do more than raise the exception, cite the statute, and assert that it applied under the procedural history presented.
Next, Mr. Sours contends his claim is not barred by res judicata | ^because the prior action did not conclude with a final judgment on the merits. In particular, Mr. Sours argues that the only issue determined in the previous action was whether his negligence claim. was prescribed, and that a finding that a claim is barred by prescription is not a determination on the merits. In support of this proposition, Mr. Sours cites Succession of Delesdernier, 184 So.2d 37 (La.App. 4th Cir.1966).
Our review of Succession of Delesdernier reveals that it does not support the position urged by Mr. Sours, but rather, it supports the opposite conclusion. A judgment that does not determine the merits, *984 but only preliminary matters in the course of the action, is an interlocutory judgment; a judgment that determines the merits in whole or in part is a final judgment. LSA-C.C.P. art. 1841. Accordingly, a judgment sustaining an exception of prescription is not a mere interlocutory judgment deciding preliminary matters, but a final judgment on the merits that terminates the action with prejudice.
Finally, Mr. Sours argues that the prior action did not involve the same claim or cause of 'action because the prior action was for negligence, whereas the instant cause of action is for breach of contract. In support of this-argument, he cites Lima v. Schmidt, 595 So.2d 624 (La.1992), which held in part that when an attorney expressly warrants a specific result and fails to obtain it, the action for legal malpractice is in contract and is subject to a ten-year prescriptive period. However, as pointed out in Dauterive Contractors, Inc., v. Landry and Watkins, 2001-1112 (La.App. 3d Cir.3/13/02), 811 So.2d 1242, our legislature, after Lima, changed the | ^prescriptive periods for legal malpractice claims by enacting LSA-R.S. 9:5605, which provides in pertinent part:
No action for damages against any attorney at law duly admitted to practice in this state, any partnership of such attorneys at law, or any professional corporation, company, organization, association, enterprise, or other commercial business or professional combination authorized by the laws of this state to engage in the practice of law, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide legal services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered; however, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.
(Emphasis added).
In Cowan v. Ingram, 31,037 (La.App.2d Cir.9/23/98), 718 So.2d 614, unit denied, 98-2696 (La.1/8/99), 735 So.2d 631, we concluded that the enactment of LSA-R.S. 9:5605 legislatively abrogated the ten-year prescriptive period for breach of contract in legal malpractice claims. Accordingly, we find that Mr. Sours’ final argument lacks merit. Thus, all Mr. Sours’ causes of action arising out of Mr. Kneipp’s representation were extinguished and merged in the judgment of prescription; furthermore all his causes of action were subject to the same one-year prescriptive period.
CONCLUSION
For the reasons set forth above, the trial court’s grant of the exception of res judica-ta is hereby affirmed at appellant’s costs.
AFFIRMED.

. This lawsuit also named James A. Hobbs as a defendant, alleging "professional negligence” on the part of Mr. Hobbs. Mr. Sours’ allegations against Mr. Hobbs are not at issue in this appeal.