# STATE OF LOUISIANA

## COURT OF APPEAL, THIRD CIRCUIT

### 12-570

VIEL OLIVIER

VERSUS

OLIVIER BUILDERS AND
LUBA WORKERS' COMPENSATION

**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION, DISTRICT 4
PARISH OF LAFAYETTE, NO. 06-03499
ADAM JOHNSON, WORKERS' COMPENSATION JUDGE

**********

JAMES T. GENOVESE
JUDGE

**********

Court composed of Jimmie C. Peters, James T. Genovese, and Shannnon J. Gremillion, Judges.

AFFIRMED.

Michael B. Miller
Attorney at Law
Post Office Drawer 1630
Crowley, Louisiana 70527-1630
(337) 785-9500
COUNSEL FOR PLAINTIFF/APPELLANT:
    Viel Olivier

**Mark Ackal**
**Mark Ackal & Associates**
**110 East Kaliste Saloom Road, Suite 208**
**Post Office Box 52045**
**Lafayette, Louisiana 70505-2045**
**(337) 237-5500**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
**Olivier Builders and**
**LUBA Workers' Compensation**

**GENOVESE, Judge.**

In this workers' compensation case, Plaintiff/Claimant, Viel Olivier, appeals the judgment of the Office of Workers' Compensation (OWC) granting an Exception of Res Judicata filed by Defendant/Employer, Olivier Builders, and its third party administrator, LUBA Workers' Compensation (collectively LUBA). For the reasons that follow, we affirm.

## FACTS AND PROCEDURAL HISTORY

On June 2, 2006, Mr. Olivier filed a Disputed Claim for Compensation against LUBA. A judgment was rendered on August 7, 2008, by the OWC awarding Mr. Olivier workers' compensation benefits. Both Mr. Olivier and LUBA appealed the 2008 judgment. This court, in *Viel Olivier v. Olivier Builders*, 09-208 (La.App. 3 Cir. 9/9/09), 19 So.3d 573, affirmed in part, reversed in part, amended in part, and rendered. Our supreme court denied writs. *Olivier v. Olivier Builders*, 09-2189 (La. 12/11/09), 23 So.3d 918. By agreement of counsel, the judgment of this court was amended to reduce the amount of Mr. Olivier's weekly indemnity benefit to the maximum amount authorized by statute.

On August 2, 2010, Mr. Olivier filed a Motion and Order for Penalties and Attorney's Fees, alleging that LUBA improperly calculated the amount due under the judgment rendered by this court resulting in an underpayment of the amount owed Mr. Olivier. A hearing on this motion was held on May 6, 2011, at which time LUBA agreed to pay a $3,000.00 penalty and attorney fees of $3,500.00, although the amount of the underlying judgment remained in dispute. A Consent Judgment assessing said penalty and attorney fees was signed by the Workers' Compensation Judge (WCJ) on June 6, 2011. There is no dispute that the Consent Judgment was timely paid by LUBA.

On October 20, 2011, Mr. Olivier filed a second Motion and Order for Penalties and Attorney's Fees, contending that back due benefits were still owed, and, given the untimely payment, he was "entitled to penalties as well as reasonable attorney[] fees for the collection thereof." In response, LUBA filed an Exception of Res Judicata, asserting that in his second Motion and Order for Penalties and Attorney's Fees, Mr. Olivier seeks "the same penalties and [attorney] fees already agreed to and paid by virtue of the Consent Judgment of [June 6, 2011]." A hearing on both Mr. Olivier's motion and LUBA's exception was held on February 2, 2012. The WCJ provided oral reasons on March 14, 2012, and signed a Judgment on Exception of Res Judicata granting LUBA's exception on March 22, 2012. Mr. Olivier has appealed that judgment.

## ASSIGNMENTS OF ERROR

On appeal, Mr. Olivier presents the following for our review:

1. The workers' compensation judge erred in granting the Exception of Res Judicata.

2. It was error for the workers' compensation judge to fail to award penalties and attorney fees.

## LAW AND DISCUSSION

Mr. Olivier first argues on appeal that the WCJ erroneously "placed the burden upon [him] to provide proof that such a penalty was allowed under the Workers' Compensation Act. Therefore, the [WCJ] legally erred in failing to require that the defendant carry the burden of proof on the exception." We disagree.

In support of his argument, Mr. Olivier relies on the following statement made by the WCJ in his oral reasons: "There is no case law in support of a second penalty and attorney fee pursuant to . . . [La.R.S 23:1201(G)]." As noted above, the February 2, 2012 hearing addressed Mr. Olivier's motion and LUBA's

2

exception. The WCJ, in his oral reasons for judgment, made the following conclusory statement:

> From the record[,] it appears that the second motion for penalties and attorney[] fees stems from the defendant's failure to pay amounts due to Mr. Oliver from a final judgment of the Third Circuit Court of [A]ppeal, which was the same subject matter of the first motion for penalties and attorney[] fees. As noted again[,] the defendants consented to and paid a [La.R.S. 23:1201(G)] penalty and attorney fee. The plaintiff per the Louisiana Code of Civil Procedure clearly had other remedies concerning the non[-]payment of amounts due under the judgment. There is no case law in support of a second penalty and attorney fee pursuant to [La.R.S. 23:1201(G)]. Accordingly, the [c]ourt grants the [E]xception of [R]es [J]udicata.

When read in context, it is clear that the statement relied upon by Mr. Olivier was not made in connection with a discussion of burden of proof, nor did it somehow relate to same. Rather, it was made as part of the WCJ's discussion of the matters before it, which included a Motion and Order for Penalties and Attorney's Fees along with an Exception of Res Judicata. For these reasons, we find no merit to Mr. Olivier's contention relative to the burden of proof. Having found no legal error on the part of the WCJ, we shall next consider whether LUBA's Exception of Res Judicata was properly granted.

The doctrine of res judicata is found in La.R.S. 13:4231, which provides as follows:

> Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
>
> (1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
>
> (2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.

3

(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.

Our Louisiana Supreme Court, in *Burguieres v. Pollingue*, 02-1385, p. 8 (La. 2/25/03), 843 So.2d 1049, 1053, set forth the following five requisite elements for a matter to be considered res judicata:

(1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation.

In the present case, only one of the *Burguieres* elements is in dispute between the parties. Mr. Olivier's argument relates to the fifth element as he posits the relevant inquiry as: "What is the transaction or occurrence that is the subject matter of this Motion [and Order] for Penalties and Attorney's Fees?" It is Mr. Olivier's position that the answer "is not the amount due under the judgment." Rather, "[t]he failure to timely pay the judgment after the May 6, 2011 Consent Judgment is the occurrence allowing a penalty." We disagree.

The failure of an employer to timely satisfy a judgment results in the imposition of a penalty pursuant to La.R.S. 23:1201(G), which provides as follows:

If any award payable under the terms of a final, nonappealable judgment is not paid within thirty days after it becomes due, there shall be added to such award an amount equal to twenty-four percent thereof or one hundred dollars per day together with reasonable attorney fees, for each calendar day after thirty days it remains unpaid, whichever is greater, which shall be paid at the same time as, and in addition to, such award, unless such nonpayment results from conditions over which the employer had no control. No amount paid as a penalty under this Subsection shall be included in any formula utilized to establish premium rates for workers' compensation insurance. The total one hundred dollar per calendar day penalty provided for in this Subsection shall not exceed three thousand dollars in the aggregate.

4

LUBA conceded that it underpaid the final judgment awarding Mr. Olivier worker's compensation benefits. This concession was made at the hearing on Mr. Olivier's first Motion and Order for Penalties and Attorney's Fees. Although uncertainty remained as to the amount of the underlying judgment, LUBA acknowledged the underpayment, and it agreed to pay a penalty of $3,000.00 and $3,500.00 in attorney fees in accordance with La.R.S. 23:1201(G). This agreement was memorialized in a Consent Judgment, and it is undisputed that the total payment of the penalty and attorney fees in the aggregate of $6,500.00 was made.

When Mr. Olivier was not subsequently paid the amount of workers' compensation benefits that he calculated as still being due him from the judgment, he filed his second Motion and Order for Penalties and Attorney's Fees, again in accordance with La.R.S. 23:1201(G). However, in so doing, he sought a second penalty and attorney fee award for the underpayment of the same underlying judgment awarding workers' compensation benefits. His effort to bifurcate the underpayment into two separate occurrences, "pre" and "post" Consent Judgment, is unpersuasive. There is but one underlying judgment that awarded Mr. Olivier workers' compensation benefits. That judgment was not timely paid in full. That failure to pay resulted in a maximum penalty of $3,000.00 and subjected LUBA to $3,500.00 in attorney fees. La.R.S. 23:1201(G). The unique circumstance that resulted when the maximum penalty and attorney fee award was paid before a determination was even had on the correct calculation and amount of the underlying judgment does not change the result. Regardless of whether LUBA consented to and paid the penalty and attorney fee in May 2011, Mr. Olivier would still only be entitled to an award of one penalty and attorney fees pursuant to the statute, in addition to the remaining amount ultimately determined to be due on the underlying judgment.

5

Thus, we agree with the WCJ who reasoned, as follows:

> It's important to note on August 4, 2010[,] there was a previous motion for penalties and attorney's fees filed on behalf of Mr. Olivier alleging that the defendant failed to pay the judgment in full. On June 6, 2011[,] this [c]ourt signed a [C]onsent [J]udgment ordering defendants to pay a Three Thousand [Dollar] penalty and attorney fee in the amount of Three Thousand, Five Hundred Dollars.

The fact that LUBA did not pay the underlying judgment in full after the May 6, 2011 Consent Judgment (which only addressed penalties and attorney fees) is irrelevant, does not constitute another occurrence, and cannot result in the imposition of a second La.R.S. 23:1201(G) penalty. The cause of action asserted by Mr. Olivier in his second Motion and Order for Penalties and Attorney's Fees arises out of the same transaction or occurrence that was the subject matter of his first Motion and Order for Penalties and Attorney's Fees since they both sought La.R.S. 23:1201(G) penalties and attorney fees for LUBA's untimely payment of the same underlying judgment. As such, it is barred under the doctrine of res judicata. Therefore, we find no manifest error in the judgment of the WCJ granting LUBA's Exception of Res Judicata.[1]

Mr. Olivier also asserts that the WCJ erred in failing to award him penalties and attorney fees. As discussed, Mr. Olivier's Motion and Order for Penalties and Attorney's Fees and LUBA's Exception of Res Judicata were heard simultaneously. However, after it found merit to the exception, the WCJ did not render judgment on Mr. Olivier's claim for penalties and attorney fees. Thus,

---

[1] The standard of review of a ruling on an exception of *res judicata* is manifest error when the exception is raised before the case is submitted and evidence is received from both sides. *Floyd v. City of Bossier City*, 38,187 (La.App.2d Cir. 3/5/04), 867 So.2d 993; *Medicus v. Scott*, 32,326 (La.App.2d Cir. 9/22/99), 744 So.2d 192.

*Flanigan v. City of Shreveport*, 45,459, p. 4 (La.App. 2 Cir. 10/27/10), 50 So.3d 938, 942.

Mr. Olivier's appeal is taken from a Judgment on Exception of Res Judicata, and his claim of penalties and attorney fees is not before this court on appeal.

Finally, given our conclusions herein, we find that Mr. Oliver's request for an award of attorney fees relative to the instant appeal is unwarranted. Accordingly, we decline to award same.

## DECREE

The judgment of the Office of Workers' Compensation granting the Exception of Res Judicata in favor of Defendant/Employer, Olivier Builders, and its third party administrator, LUBA Workers' Compensation, is affirmed. All costs of this proceeding are taxed to Plaintiff/Claimant, Viel Olivier.

**AFFIRMED.**