CARRIE WALKER ON BEHALF OF HER
MINOR CHILD ABIGAIL FRIED

VERSUS

ACE AMERICAN INSURANCE
CORPORATION, ESIS, INC. AND
BARNES AND NOBLE BOOKSELLERS, INC

NO. 20-CA-449

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA


ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 800-932, DIVISION "K"
HONORABLE ELLEN SHIRER KOVACH, JUDGE PRESIDING


May 26, 2021


**JUDE G. GRAVOIS**
**JUDGE**


Panel composed of Judges Jude G. Gravois,
Robert A. Chaisson, and John J. Molaison, Jr.


**AFFIRMED**
    **JGG**
    **RAC**
    **JJM**

COUNSEL FOR PLAINTIFF/APPELLANT,
CARRIE WALKER ON BEHALF OF HER MINOR CHILD ABIGAIL FRIED
 John W. Redmann
 Edward L. Moreno
 Christian A. Galleguillos

COUNSEL FOR DEFENDANT/APPELLEE,
ACE AMERICAN INSURANCE CORPORATION, ESIS, INC. AND BARNES
AND NOBLE BOOKSELLER, INC.
 Ross Molina
 Katherine W. Lynch

COUNSEL FOR DEFENDANT/APPELLEE,
FGX INTERNATIONAL, INC.
 Temple A. Stephens
 Patrick C. Grace

**GRAVOIS, J.**

In this suit for personal injuries, plaintiff Carrie Walker, on behalf of her minor child Abigail Fried, appeals the trial court's September 24, 2020 judgment which dismissed her suit with prejudice against defendants, ACE American Insurance Corporation, ESIS, Inc., and Barnes & Noble Booksellers, Inc. ("the Barnes & Noble defendants"), on the basis that it was prescribed. She also appeals the trial court's July 21, 2020 judgment which dismissed her suit with prejudice against defendant FGX International, Inc., also on the basis of prescription. On appeal, plaintiff argues that the trial court erred in finding her suit prescribed because the trial court should have applied the doctrine of *contra non valentem* to this matter to suspend prescription, arguing that ESIS's claims representatives lulled her into failing to timely file suit by misrepresenting the prescriptive period in which she must file her suit. She also argues that prescription was interrupted by the Barnes & Noble defendants' acknowledgement of liability. Finally, she argues that her "timely" suit against the Barnes & Noble defendants interrupted/suspended prescription against defendant FGX, who was added to the suit as an alleged joint tortfeasor in an amended petition. For the following reasons, we affirm the judgments dismissing plaintiff's suit with prejudice against all defendants.

## FACTS AND PROCEDURAL HISTORY

On March 31, 2017, Ms. Walker and her then thirteen-year-old daughter Abigail were shopping in the Barnes & Noble store on the west bank of Jefferson Parish, when Abigail allegedly struck her head on the edge of a sharp mirror that was over-hanging the edge of a shelf holding a "Foster Grant" eyeglasses display. As a result of said incident, Abigail allegedly sustained a large gash on her forehead, allegedly resulting in permanent scarring, nerve damage, and severe headaches. Ms. Walker reported the incident to store personnel and later began

corresponding via email and phone with representatives of ESIS, Inc., the insurance representative for ACE American Insurance Corporation, Barnes & Noble's liability insurer.

The matter was not resolved, however, and on October 29, 2019, more than two and a half years after the incident, Ms. Walker filed a petition for damages against the Barnes & Noble defendants, alleging the existence of an unreasonably dangerous condition on the Barnes & Noble premises at the time of the incident, namely that the display and shelf at issue did not have any protective guards surrounding the sharp mirror's edge or any warnings advising of the dangerous and hazardous condition of the mirror. On January 6, 2020, Ms. Walker filed an amended petition for damages, adding FGX International, Inc., d/b/a Foster Grant, allegedly the owner of the eyeglasses display in question, as an alleged joint tortfeasor defendant.[1]

On May 13, 2020, the Barnes & Noble defendants filed an exception of prescription, arguing that more than one year had elapsed between the incident and the filing of suit, and thus, plaintiff's petition for damages was prescribed on its face. On June 12, 2020, defendant FGX also filed an exception of prescription, asserting the same grounds, as well as arguing that the suit against the Barnes & Noble defendants had failed to interrupt prescription regarding FGX based on the joint tortfeasor doctrine. Plaintiff filed an opposition to the exceptions. She attached eight exhibits ("A" - "H") to her opposition, being correspondence and emails between Ms. Walker and the ESIS claims representatives regarding her daughter's injury claim, as detailed below.

Both exceptions of prescription were heard on July 8, 2020. During the hearing, no party introduced evidence in support of or in opposition to the

---

[1] The amended petition also repeated all of the allegations contained in the original petition.

exceptions. The trial court ruled from the bench, granting both exceptions. In brief oral reasons, the trial judge stated: "I think the plaintiff had a duty to exercise reasonable diligence. She did not. This defendant [sic] did not misrepresent, or hide any facts. So, I am granting the Exceptions of Prescription." The written judgment dismissing plaintiff's suit against the Barnes & Noble defendants was signed on September 24, 2020. The written judgment dismissing plaintiff's suit against FGX was signed on July 21, 2020. This timely appeal followed.

On appeal, plaintiff asserts the following assignments of error/issues for review:

1. Whether the district court erred in granting defendants' exceptions of prescription where plaintiff affirmatively alleged that prescription was suspended under the doctrine of *contra non valentem* and where defendants failed to present any evidence to rebut that showing.

2. Whether the district court erred in granting the Barnes & Noble defendants' exception of prescription where plaintiff affirmatively alleged that prescription was interrupted by the Barnes & Noble defendants' acknowledgement of liability and where defendants failed to present any evidence to rebut that showing.

3. Whether the district court erred in granting FGX's exception of prescription where the interruption/suspension of prescription against the Barnes & Noble defendants was effective against FGX as a joint tortfeasor.

## LAW AND STANDARD OF REVIEW

An exception of prescription is a type of peremptory exception. The function of the peremptory exception is to have the plaintiff's action declared legally nonexistent, or barred by the effect of law, and hence this exception tends to dismiss or defeat the action. *Farber v. Bobear*, 10-0985 (La. App. 4 Cir. 1/19/11), 56 So.3d 1061, 1069, citing La. C.C.P. arts. 927 and 923, respectively.

"Delictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained. It does not run against minors or interdicts in actions involving permanent disability and brought pursuant to the Louisiana Products Liability Act or state law governing

product liability actions in effect at the time of the injury or damage." La. C.C. art. 3492.

Ordinarily, the exceptor bears the burden of proof at the trial of the peremptory exception, including prescription. However, if prescription is evident on the face of the pleadings, the burden shifts to the plaintiff to show that the action has not prescribed. When a cause of action is prescribed on its face, the burden is upon the plaintiff to show that the running of prescription was suspended or interrupted in some manner. *Woods v. Cousins*, 12-100 (La. App. 5 Cir. 10/16/12), 102 So.3d 977, 979, *writ denied*, 12-2452 (La. 1/11/13), 107 So.3d 617 (internal citations omitted); *In re Singleton*, 19-578 (La. App. 5 Cir. 9/2/20), 303 So.3d 362, 366-67.

At the trial of a peremptory exception of prescription, "evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition." *Woods v. Cousins*, *supra*, 102 So.3d at 978, citing La. C.C.P. art. 931. In the absence of evidence, the exception of prescription must be decided on the facts alleged in the petition, which are accepted as true. *Id.* at 978-79. But the latter principle applies only to properly-pleaded material allegations of fact, as opposed to allegations deficient in material detail, conclusory factual allegations, or allegations of law. *Id.* at 979, citing *Kirby v. Field*, 04-1898 (La. App. 1 Cir. 9/23/05), 923 So.2d 131, 135.

The standard of review of a trial court's ruling on a peremptory exception of prescription turns on whether evidence is introduced. *Wells Fargo Financial Louisiana, Inc. v. Galloway*, 17-0413 (La. App. 4 Cir. 11/15/17), 231 So.3d 793, 800. When no evidence is introduced, appellate courts review judgments sustaining an exception of prescription *de novo*, accepting the facts alleged in the petition as true. *DeFelice v. Federated Nat'l Ins. Co.*, 18-374 (La. App. 5 Cir. 7/9/19), 279 So.3d 422, 426. However, when evidence is introduced at a hearing

on an exception of prescription, the trial court's findings of fact are reviewed under the manifest error standard. *Id.*

The doctrine of *contra non valentem* is a jurisprudentially-created exception to the general rules of prescription. *Wimberly v. Gatch*, 93-2361 (La. 4/11/94), 635 So.2d 206, 211. Generally, this doctrine suspends prescription when the circumstances of the case fall into one of four categories: 1) where there was some legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiff's action; 2) where there was some condition coupled with a contract or connected with the proceedings which prevented the creditor from suing or acting; 3) where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action; or 4) where some cause of action is not known or reasonably knowable by the plaintiff, even though his ignorance is not induced by the defendant. *Id.*; *Alvarez v. Southeast Commercial Cleaning, LLC*, 13-657 (La. App. 5 Cir. 2/26/14), 136 So.3d 329, 336-37.

## ANALYSIS

## FIRST ASSIGNMENT OF ERROR

In her first assignment of error, plaintiff argues that the district court erred in granting defendants' exceptions of prescription where plaintiff affirmatively alleged that prescription was suspended under the doctrine of *contra non valentem* and where defendants failed to present any evidence to rebut that showing.

Plaintiff acknowledged in her petition that it was filed more than one year after the incident, and thus past the one-year prescriptive period applicable to delictual actions as per La. C.C. art. 3492.[2] She claims, however, that the third

---

[2] Because plaintiff's suit does not concern an action "involving permanent disability and brought pursuant to the Louisiana Products Liability Act or state law governing product liability actions in effect at the time of the injury or damage," prescription of one year runs against plaintiff's claims herein as per La. C.C. art. 3492.

category of *contra non valentem*—where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action—applies herein, because, as she alleged in her petition, defendant ESIS's claims representatives effectively lulled her into inaction by misstating to her that prescription did not run against her daughter's claim because her daughter was still a minor, and thus prevented her from availing herself of her cause of action prior to the accrual of prescription.

Plaintiff's petition contains the following assertions on this issue:

**VII.**

After the March 31, 2017, incident, CARRIE WALKER was contacted repeatedly by adjusters and/or agents purporting to represent the insurer of the Barnes and Noble store regarding her child's injury, and Ms. Walker was told, repeatedly, that she did not have to file any claim or lawsuit until her child reached the age of majority (i.e., several years later).

**VIII.**

CARRIE WALKER continued to receive contact from such representatives regarding this matter, and she relied on their representations as to the applicable statute of limitations. More than a year after the accident occurred when she was contacted [via U.S. Mail] by Jeffrey Lee of ESIS, Inc. [sic] Specifically, Mr. Lee wrote to CARRIE WALKER on May 30, 2018, to advise "ESIS, Inc. is the Third Party Administrator (TPA) for Barnes & Noble, Inc. and this claim has been reassigned to me for handling."

**IX.**

Mr. Lee's May 30, 2018, correspondence also stated as follows:

| | |
|---|---|
| **File Number:** | 8707254357081X |
| **Claimant:** | Abigail Fried |
| **Client:** | Barnes & Noble, Inc. |
| **Underwriting Co.:** | Ace American Insurance Company |
| **Date of Incident:** | March 31, 2017 |
| **Statute Date:** | March 31, 2018 (except in the case of a minor) |

**X.**

Over the next year, representatives of ESIS, INC, including, but not limited to Mr. Lee, and acting with the full authority of BARNES & NOBLE, INC and ACE, continued to advise Petitioner as to the applicable prescriptive period by representing that ABIGAIL FRIED had until she reached the age of eighteen to file suit for the damages she sustained on March 31, 2017, "because she is a minor."

**XI.**

**Neither Mr. Lee nor any other representative of ESIS, INC, BARNES & NOBLE, INC., or ACE ever corrected their representations as to the applicable prescriptive period.**

First, we find that these assertions, especially those in paragraph VII and the first part of paragraph VIII, are not "properly-pleaded material allegations of fact," but rather are "allegations deficient in material detail, conclusory factual allegations, or allegations of law," and thus do not serve to counter the fact that the petition was prescribed on its face. *See Woods v. Cousins*, *supra*. In particular, paragraph VII does not state with any specificity *who* made the assertions, or when they were allegedly made. The only allegation in the petition that is arguably made with some specificity is the allegation noted in the second part of paragraph VIII and in paragraph IX, which quotes from a letter ostensibly sent from ESIS's claims representative Mr. Lee to plaintiff. However, that letter was allegedly sent to plaintiff from Mr. Lee on May 30, 2018, which is *after* prescription had already accrued. Thus, it could not have served to "lull" plaintiff into inactivity. Nor does the quote specify how the "statute date" is affected if the claimant is a minor. As the trial judge noted at the hearing, it does not specify whether the "statute date" is shorter or longer in the case of a minor.

Thus, due to these deficiencies in the allegations found in plaintiff's petition, which are conclusory and/or deficient in material detail, plaintiff's petition remained prescribed on its face. When defendants filed their exceptions of prescription noting that fact, the burden of proof then shifted to plaintiff to show that the suit was not prescribed. Plaintiff failed in this regard.

At the hearing on the exceptions, plaintiff failed to introduce any evidence to support these insufficient allegations. Although plaintiff attached the aforementioned exhibits, "A" - "H", to her opposition to the exceptions, filed on

June 30, 2020, plaintiff failed to introduce these exhibits at the hearing on the exceptions.

Exhibits not properly and officially offered and admitted into evidence cannot be considered, even if they are physically placed into the trial court record. *Denoux v. Vessel Mgmt. Services, Inc.*, 07-2143 (La. 5/21/08), 983 So.2d 84, 88; *Jackson v. United Services Auto. Ass'n Cas. Ins. Co.*, 08-333 (La. App. 5 Cir. 10/28/08), 1 So.3d 512, 515. Documents attached to memoranda do not constitute evidence and cannot be considered as such on appeal, unless properly introduced into evidence. *Denoux*, 983 So.2d at 88. Appellate courts are courts of record and may not review evidence that is not in the appellate record, or receive new evidence. *Id.*, citing La. C.C.P. art. 2164.

The Supreme Court and this Court have routinely held that appellate courts may not consider evidence not properly and officially offered, introduced, and admitted into evidence, whether the lack of admission into evidence was assigned as error or not. *Barnes v. Jacob*, 13-596 (La. App. 5 Cir. 12/12/13), 131 So.3d 363, 364; *Quinn v. La. Citizens Prop. Ins. Corp.*, 12-0152 (La. 11/2/12), 118 So.3d 1011, 1017 n. 5; *Denoux*, *supra*, 983 So.2d at 88-89.

In summary, while plaintiff attached the aforementioned exhibits, "A" - "H", to her opposition to the exceptions, plaintiff failed to introduce these exhibits at the hearing on the exceptions. Accordingly, the evidence was not properly before the trial court,[3] and may not be considered by this Court on appeal.

In any event, even if the exhibits had been properly introduced, it is plain that they do not provide the factual support for plaintiff's claims that she was misled by claims representatives and thus do not support the application of the third category of *contra non valentem* to this case. The letters and emails found in

---

[3] It is unclear, from the transcript of the hearing, whether the trial court in fact considered the exhibits.

exhibits A, B, and C are variously dated in May and July of 2017, prior to prescription's accrual, and contain no representations regarding the date of the accrual of prescription or a "statute date." Thus, they do not support plaintiff's position.

Exhibit D contains the previously referenced May 30, 2018 letter from Mr. Jeffrey Lee to plaintiff, which plaintiff excerpted in paragraph IX of her petition, as well as medical records releases plaintiff signed on June 8, 2017 and August 28, 2017. As previously noted, that letter was dated after prescription had accrued and cannot therefore be said to have misled plaintiff into failing to timely file suit. In any event, even if the May 30, 2018 letter had been sent prior to accrual of the prescriptive period, it would not have supported plaintiff's position. Louisiana courts have held that *contra non valentem* applies only to ignorance of facts, not of law. In *Lieber v. DOT & Dev.*, 28,745 (La. App. 2 Cir. 10/30/96), 682 So.2d 1257, 1262, while discussing the important distinction between ignorance of the *facts* giving rise to a legal claim, and ignorance of one's *legal rights* under the known facts, the court stated: "While factual ignorance may prevent the running of prescription in some circumstances, ignorance of the law does not."

In light of the above, plaintiff has failed to show that she was in any way prevented by the ESIS claims representatives from consulting with an attorney to ascertain and act on her legal rights in a timely fashion. This assignment of error is without merit.

## SECOND ASSIGNMENT OF ERROR

Next, plaintiff argues that the district court erred in granting the Barnes & Noble defendants' exception of prescription where plaintiff affirmatively alleged that prescription was interrupted by the Barnes & Noble defendants' acknowledgement of liability and where defendants failed to present any evidence to rebut that showing.

An acknowledgement is "the recognition of the creditor's right or obligation that halts the progress of prescription before it has run its course." *Lima v. Schmidt*, 595 So.2d 624, 631 (La. 1992), *superseded by statute on other grounds*, *Sours v. Kneipp*, 40,770 (La. App. 2 Cir. 3/8/06), 923 So.2d 981, 984. It involves an admission of liability, either through explicit recognition of a debt owed, or through actions of the debtor that constitute a tacit acknowledgement. Importantly, acknowledgement interrupts prescription *before* it has expired, with the prescriptive period beginning to run anew from the last day of the interruption. *Id*.

As discussed above, the petition was prescribed on its face, and upon the filing of defendants' exceptions of prescription noting the same, the burden of proof shifted to plaintiff to introduce evidence showing that the petition was not prescribed on its face. As noted above, plaintiff failed to introduce any evidence at the hearing on the exceptions, and thus failed to show any evidence of acknowledgment.

In any event, as before, the exhibits plaintiff attached to her opposition to the exceptions that she failed to introduce would not have sufficed to bear her burden of proof on this issue.

First, Exhibit E is a short email chain between plaintiff and Mr. Lee on various dates in June of 2018, after prescription had expired. Mr. Lee's communication of June 15, 2018 states:

> **Good Morning Ms. Walker,**
>
> **Please provide all of your out of pocket expenses along with the receipts.**
>
> **What amount are you requesting to resolve this matter, being mindful, that this was a stationary object owned by Foster Grant and not B & N.**
>
> **Just keep an open mind and I will try to help you.**
>
> **Thank you,**
>
> **Jeff Lee**

This communication fails to acknowledge or admit liability on the part of ACE, ESIS, or Barnes & Noble.

Second, Exhibit F is another email chain between plaintiff and Mr. Lee dated September 12, 2018 which contains the following from Mr. Lee to plaintiff:

**Ms. Fried,**

**This incident happen [sic] well over a year ago and there was no mention of a concussion in any of the medical records. In fact the medical records diagnosis was a forehead abrasion with no loss of consciousness. Be mindful, this was a stationary object that your daughter bumped her head on and a significant amount of negligence could be assessed to her. There were no independent eye-witnesses and this display was owned by Foster Grant, not Barnes & Noble.**

**It appears that insurance has paid your daughter's medical bills and there is little to no out of pocket expenses. I will make you a final offer of $500.00 to resolve this matter and this offer will be valid for fourteen (14) days after which time it will become null and void.**

**I thank you in advance for your cooperation,**

**Jeff Lee**

This email by Mr. Lee to plaintiff is, at most, a settlement offer without an admission of liability. It points out weaknesses in plaintiff's claim, such as there being no mention in the medical records of new claims of injuries, as well as no independent eyewitnesses to the incident, and the fact that the display was not owned by his insured, Barnes & Noble, but nevertheless offers $500 to resolve the matter.

Next, Exhibit G is another email from plaintiff to Mr. Lee, also on September 12, 2018, which only attaches photographs of records of plaintiff's daughter's doctor visit of September 11, 2018.

Finally, Exhibit H is a June 24, 2019 email from plaintiff to Mr. Lee stating:

**I know you mentioned until Abigail is the age of 18 I can proceed, I would like to end this nightmare. [sic]**

This statement allegedly made by Mr. Lee to plaintiff at some unspecified time in the past is not supported by any documentation or correspondence from Mr. Lee to plaintiff.

As with the emails in Exhibit E, these emails (Exhibits F, G and H) do not accept or acknowledge liability, either explicitly or tacitly, for the incident. Further, even if the emails did tacitly acknowledge liability, which they clearly do not, they could not *interrupt* prescription that has already accrued.

Plaintiff also appears to argue that Mr. Lee's statements *renounced* prescription. As the court succinctly stated in *Lima v. Schmidt*, *supra*, 595 So.2d at 631:

> Acknowledgment and renunciation differ in both substance and legal effect. Substantively, acknowledgment is the recognition of the creditor's right or obligation that halts the progress of prescription before it has run its course; renunciation is the technical term designating the abandonment of rights derived from prescription that has accrued. Official Comment (c) to LSA-C.C. Art. 3449; Comment, Interruption of Prescription by Acknowledgment in Louisiana, 14 Tul. L. Rev. 430 (1940). In legal effect, acknowledgment interrupts prescription and erases the time that has accrued, with prescription recommencing anew from the date of interruption; renunciation obliterates the effect of prescription that has run.

Because of these differences, the *Lima* court recognized that renunciation is subject to more stringent requirements than acknowledgment, summarizing the pertinent jurisprudential principles on acknowledgment and renunciation as follows:

> [A] renunciation of prescription is an abandonment of the right derived from prescription that has accrued and is subject to stringent proof requirements. An acknowledgment is a simple admission of liability resulting in the interruption of prescription that has commenced to run, but not accrued, and may be made on an informal basis.
>
> *Lima v. Schmidt*, 595 So.2d at 634.

Upon review, we find that plaintiff's exhibits, even had they been properly introduced into evidence, do not meet the lesser requirements for acknowledgment of liability by the ESIS representatives, nor the more stringent requirements for a renunciation of prescription by the ESIS representatives.

For the foregoing reasons, this assignment of error is without merit. Accordingly, we find no error in the trial court's judgment which granted the exception of prescription filed by the Barnes & Noble defendants.

## THIRD ASSIGNMENT OF ERROR

Lastly, plaintiff argues that the district court erred in granting FGX's exception of prescription where the interruption/suspension of prescription against the Barnes & Noble defendants was effective against FGX as an alleged joint tortfeasor.[4]

As discussed above in the first assignment of error, prescription was not suspended as to the Barnes & Noble defendants by the application of *contra non valentem.* Nor was prescription interrupted as to the Barnes & Noble defendants by acknowledgment or renunciation of liability, as discussed in the second assignment of error. Further, plaintiff failed to show that defendant FGX itself engaged in any communication or behavior which could arguably result in suspension or interruption of prescription as to plaintiff's claim against FGX. Further, even assuming *arguendo* that plaintiff has shown that FGX was a joint tortfeasor with the Barnes & Noble defendants, since plaintiff's claims asserted in the original petition against the Barnes & Noble defendants were as found above prescribed, then necessarily plaintiff's claims asserted in the amended petition against FGX were also prescribed. We thus find no error in the trial court's ruling which granted FGX's exception of prescription. This assignment of error is without merit.

## CONCLUSION

For the foregoing reasons, we find no error in the trial court's September 24, 2020 judgment which dismissed plaintiff's suit against defendants ACE American

---

[4] As FGX correctly points out in brief, interruption and suspension are two different concepts, and only interruption of prescription, not suspension, affects joint tortfeasors, as per La. C.C. art. 2324(C). As this Court stated in *Eastin v. Entergy Corp.*, 07-212 (La. App. 5 Cir. 10/16/07), 971 So.2d 374, 381, *writ denied*, 07-2214 (La. 1/11/08), 972 So.2d 1167: "If prescription is interrupted, the time that has run is not counted, and prescription commences to run anew from the last day of interruption. La. Civ. Code art. 3466. By contrast, if prescription is suspended, the period of suspension is not counted toward the accrual of prescription, but the time that has previously run is counted. La. Civ. Code art. 3472. In other words, if the one-year prescriptive period for delictual actions is suspended for any reason, the clock merely stops running during the suspension, and thereafter the obligee has only so much of the prescriptive period as was remaining when the suspension began."

Insurance Corporation, ESIS, Inc., and Barnes & Noble Booksellers, Inc., as prescribed, nor in the trial court's July 21, 2020 judgment which dismissed her suit against FGX International, Inc., as prescribed. Accordingly, the judgments under review are affirmed.

**AFFIRMED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

NANCY F. VEGA
CHIEF DEPUTY CLERK

SUSAN S. BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **MAY 26, 2021** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 20-CA-449

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE ELLEN SHIRER KOVACH (DISTRICT JUDGE)
EDWARD L. MORENO (APPELLANT)          JONATHAN E. LEY (APPELLANT)          KELLY S. RIZZO (APPELLANT)
KATHERINE W. LYNCH (APPELLEE)

**MAILED**
CHRISTIAN A. GALLEGUILLOS            TEMPLE A. STEPHENS (APPELLEE)        PATRICK C. GRACE (APPELLEE)
(APPELLANT)                          ATTORNEY AT LAW                      ATTORNEY AT LAW
JOHN W. REDMANN (APPELLANT)          3900 NORTH CAUSEWAY BOULEVARD        3900 NORTH CAUSEWAY BOULEVARD
TRAVIS J. CAUSEY, JR. (APPELLANT)    ONE LAKEWAY CENTER, SUITE 1060       SUITE 1060, ONE LAKEWAY CENTER
ATTORNEYS AT LAW                     METAIRIE, LA 70002                   METAIRIE, LA 70002
1101 WESTBANK EXPRESSWAY
GRETNA, LA 70053

ROSS MOLINA (APPELLEE)
ATTORNEY AT LAW
650 POYDRAS STREET
SUITE 2200
NEW ORLEANS, LA 70130