SUSAN M. CHEHARDY, Judge.
Lin this medical malpractice action, plaintiff seeks review of the trial court’s ruling sustaining defendant’s exception of prescription. For the reasons stated herein, we affirm.

Procedural History

On October 15, 2010, Harold Woods filed a request for a medical review panel, alleging that his ophthalmologist, Dr. Gwen Cousins, failed to adhere to the requisite standard of care in treating his detached retina, which significantly compromised his chances of regaining vision in the affected eye. On October 3, 2011, Dr. Cousins filed, in the Twenty-Fourth Judicial Dis *978 trict Court for the Parish of Jefferson, a Petition to Institute Discovery under La. R.S. 40:1299.39.1 D(4).[1]
On October 3, 2011, Dr. Cousins also filed an exception of prescription alleging that Mr. Woods’ claim was prescribed because his ^Request for Review was filed more than one year after Mr. Woods knew or should have known of any alleged malpractice.[2] On November 1, 2011, plaintiff filed an opposition to the exception.[3]
On November 9, 2011, the trial judge heard and granted defendant’s exception of prescription. On November 14, 2011, the trial judge signed a written judgment to that effect and dismissed plaintiffs claim with prejudice. Notice of Judgment was mailed on November 21, 2011. On November 29, 2011, plaintiff filed his timely notice of appeal, which was granted. This appeal follows.

Discussion

On appeal, plaintiff raises three assignments of error: first, the trial judge erred in determining that “plaintiff knew or should have known that an act, omission or neglect had occurred simply because he changed doctors for treatment and thus triggered” the running of prescription; second, the trial court erred in determining that plaintiffs act of consulting an attorney triggered the running of prescription; and, finally, the trial court erred in determining that the prescriptive period on a medical malpractice claim is not interrupted by the physician’s intentional alteration of the patient’s medical records regarding the claimed injury.
|4La. R.S. 9:5628(A), which provides the prescriptive period for medical malpractice actions, reads in pertinent part:
No action for damages for injury or death against any physician, ... whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission, or neglect, or within one year from the date of discovery of the alleged act, omission, or neglect; ....
At the trial of a peremptory exception of prescription, “evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition.” La. C.C.P. art. 931. In the absence of evidence, the exception of prescription *979 must be decided on the facts alleged in the petition, which are accepted as true. Waguespack v. Judge, 04-137 (La.App. 5 Cir. 6/29/04), 877 So.2d 1090; Tranum v. Hebert, 581 So.2d 1023, 1026 (La.App. 1st Cir.), writ denied, 584 So.2d 1169 (La.1991). But the latter principle applies only to properly-pleaded material allegations of fact, as opposed to allegations deficient in material detail, conclusory factual allegations, or allegations of law. Kirby v. Field, 04-1898 (La.App. 1 Cir. 9/23/05), 923 So.2d 131, 135.
Ordinarily, the exceptor bears the burden of proof on trial of the peremptory exception, including prescription. SS v. State, Dept. of Social Services, 02-0831 (La.12/4/02), 831 So.2d 926, 931. However, if prescription is evident on the face of the pleadings, the burden shifts to the plaintiff to show that the action has not prescribed. Campo v. Correa, 01-2707 (La.6/21/02), 828 So.2d 502. When a cause of action is prescribed on its face, the burden is upon the plaintiff to show that the running of prescription was suspended or interrupted in some manner. Jonise v. Bologna Brothers, 01-3230 (La.6/21/02), 820 So.2d 460, 464.
[sIn the present case, neither party introduced evidence. Therefore, the exception must be decided on the facts alleged in Mr. Woods’ Request for Medical Review. Here, plaintiffs Request for Review, which was filed on October 15, 2010, alleged that Dr. Cousins examined plaintiff in January 2008 then performed retinal reattachment surgery on plaintiff on an unspecified date. Plaintiffs Request for Review did not specify any date or date range during which Dr. Cousins’ alleged malpractice occurred. On its face, plaintiffs Request for Review reveals that the claim had prescribed. Because no evidence was offered to prove a suspension or interruption of prescription, the trial court did not err in sustaining Dr. Cousins’ Exception of Prescription.
Accordingly, the ruling sustaining Dr. Cousins’ exception of prescription and dismissing Mr. Woods’ claim is affirmed. Costs of this appeal are assessed against Mr. Woods.

AFFIRMED

WICKER, J., dissents with reasons.

. See, In re Med. Review Panel for Claim of Moses, 00-2643 (La.5/25/01), 788 So.2d 1173, 1175-76.

. La. R.S. 40:1299.47(B)(2)(a) reads, in pertinent part, "A health care provider, against whom a claim has been filed ..., may raise any exception ... available pursuant to R.S. 9:5628 in a court of competent jurisdiction and proper venue at any time without need for completion of the review process by the medical review panel.” See, Perritt v. Dona, 02-2601 (La.7/2/03), 849 So.2d 56, 66 (a health care provider may raise an exception of prescription during the medical review panel stage of a medical malpractice proceeding). To her exception, Dr. Cousins attached: plaintiff’s Request for a Medical Review Panel dated October 15, 2010; certified copies of certain hospital records of plaintiff from April 2008; a copy of Dr. Chang’s letter dated April 28, 2010 stating his "difference of opinion [with Dr. Cousins] concerning management" of plaintiff's treatment; and plaintiff’s hospital records from New York Presbyterian Hospital documenting retinal reattachment surgery performed by Dr. Chang on September 16, 2008.

.To his opposition to Dr. Cousins’ exception, Mr. Woods attached a copy of Dr. Cousins’ deposition taken August 10, 2011; plaintiff’s medical records from Dr. Cousins’ office for 2008; a copy of the plaintiff’s attorney’s letter to Dr. Chang dated July 10, 2009 asking for an opinion on Dr. Cousins' treatment of plaintiff; and a copy of Dr. Chang’s response dated April 28, 2010 stating his "difference of opinion [with Dr. Cousins] concerning management” of plaintiff's treatment.