IN RE: MEDICAL REVIEW PANEL
PROCEEDINGS OF DON SINGLETON

NO. 19-CA-578

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 793-446, DIVISION "N"
HONORABLE STEPHEN D. ENRIGHT, JR., JUDGE PRESIDING

September 02, 2020

**ROBERT A. CHAISSON**
**JUDGE**

Panel composed of Judges Marc E. Johnson,
Robert A. Chaisson, and Stephen J. Windhorst

**JUDGMENT AMENDED;  AFFIRMED AS AMENDED; AND**
**REMANDED**
> **RAC**
> **MEJ**
> **SJW**

COUNSEL FOR PLAINTIFF/APPELLANT,
DON SINGLETON
    Veleka Eskinde
    Ann M. Johnson-Griffin

COUNSEL FOR DEFENDANT/APPELLEE,
WARREN R. BOURGEOIS III, M.D.
    C. William Bradley, Jr.
    Benjamin J. Biller

**CHAISSON, J.**

In this medical malpractice case, Don Singleton appeals a June 12, 2019 judgment of the trial court that sustained an exception of prescription and dismissed his case against Dr. Warren R. Bourgeois, III, with prejudice. For the following reasons, we amend the judgment of the trial court, affirm as amended, and remand this matter for further proceedings consistent with this opinion.

**FACTS & PROCEDURAL HISTORY**

On February 6, 2019, Mr. Don Singleton filed a request for a medical review panel against Dr. Warren R. Bourgeois, III, with the Louisiana Division of Administration. In his request, Mr. Singleton alleged that in or around May 2017, Dr. Bourgeois negligently performed a cervical procedure on him whereby he removed degenerative disc and implanted prosthetic devices, resulting in injury to Mr. Singleton. Mr. Singleton also alleged in his request that on February 10, 2018, he was "walking home from a Mardi Gras function at his local church when suddenly and without warning he began to experience excruciating pain."

In response to Mr. Singleton's request, Dr. Bourgeois filed a Petition to Institute Discovery Docket in the 24th Judicial District Court and later filed a Peremptory Exception of Prescription alleging that Mr. Singleton's action was untimely filed and thus prescribed. In support of his exception, Dr. Bourgeois filed an affidavit in which he attested that he did not perform a cervical procedure on Mr. Singleton in May 2017 and that the only cervical surgery or cervical procedure of any kind that he performed on Mr. Singleton was on October 22, 2013. Dr. Bourgeois attached his two-page dictated operative report from that procedure to his affidavit.

Thus, Dr. Bourgeois argued that Mr. Singleton's February 6, 2019 medical review panel request, filed more than five years after the date of the cervical procedure that he performed on Mr. Singleton, was prescribed pursuant to both the

one-year and three-year prescriptive periods for medical malpractice provided in La. R.S. 9:5628. Additionally, Dr. Bourgeois argued in the alternative, that even if May 2017 was the correct date of the procedure for which malpractice was alleged, Mr. Singleton "has no evidence to carry his burden of showing that his February 6, 2019 panel request was timely," it having been filed more than one year after the date of the alleged malpractice.

In response to Dr. Bourgeois' exception of prescription, Mr. Singleton filed with the trial court a Motion and Order for Leave of Court to File First Amended and Supplemental Petition for Medical Malpractice, in which Mr. Singleton clarified that the May 2017 procedure for which he was alleging malpractice, was a back procedure rather than a cervical procedure. The trial court granted Mr. Singleton's motion and allowed the purported First Amended and Supplemental Petition to be filed into the trial court record prior to the hearing on Dr. Bourgeois' exception. Thereafter, Mr. Singleton filed a memorandum in opposition to Dr. Bourgeois' exception of prescription in which he argued that his Amended and Supplemental Petition, which corrected the "typographical error" in his original request for a medical review panel that described the procedure performed by Dr. Bourgeois as a cervical procedure rather than a back procedure, rendered Dr. Bourgeois' exception of prescription moot.

At the hearing on the exception, Dr. Bourgeois introduced as evidence Mr. Singleton's February 6, 2019 medical review panel request, the Division of Administration's February 18, 2019 acknowledgment of that request, his own April 4, 2019 affidavit regarding the date of the cervical procedure that he performed on Mr. Singleton, and his October 22, 2013 two-page dictated operative report for that procedure. Mr. Singleton did not introduce any evidence at the hearing on the exception, but rather relied upon his purported First Amended and Supplemental Petition to establish that the procedure for which he was requesting a

medical review panel was in fact a back procedure, rather than a cervical procedure, and that the May 2017 date alleged was the correct date of that procedure.  Neither party called any witnesses to testify at the hearing.

At the conclusion of the hearing, the trial court sustained Dr. Bourgeois' Exception of Prescription and dismissed Mr. Singleton's case with prejudice.  Mr. Singleton subsequently filed a Motion for New Trial, which the trial court denied.  Mr. Singleton now appeals, contending that the trial court erred in sustaining Dr. Bourgeois' Exception of Prescription and in denying Mr. Singleton's Motion for New Trial.

**DISCUSSION**

The prescriptive period for medical malpractice actions is set forth in La. R.S. 9:5628, which states in pertinent part:

> A. No action for damages for injury or death against any physician, … arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission, or neglect, or within one year from the date of discovery of the alleged act, omission, or neglect; however, even as to claims filed within one year from the date of such discovery, in all events such claims shall be filed at the latest within a period of three years from the date of the alleged act, omission, or neglect.

Thus, La. R.S. 9:5628 establishes the general rule that a victim of medical malpractice has one year from the date of the alleged malpractice to bring his claim for damages.  However, La. R.S. 9:5628 also recognizes an exception to this general rule in cases where the claimant contends that he was initially not aware of the malpractice and that there has been a delay in his discovery of the malpractice.[1] The language of La. R.S. 9:5628 makes clear, however, that this *contra non valentem* type exception to the general one-year prescriptive period is expressly

---

[1] This exception is a codification of the jurisprudentially created fourth category of *contra non valentem*, also known as the "discovery rule."  *See In Re: Medical Review Panel of Gerald Lindquist*, 18-444 (La. App. 5 Cir. 5/23/19), 274 So.3d 750, *writ denied*, 19-1034 (La. 10/1/19), 280 So.3d 165.

made inapplicable after three years from the act, omission, or neglect. *Borel v. Young*, 07-0419 (La. 11/27/07), 989 So.2d 42, 63, *reh'g granted* (La. 7/1/08).

Because Dr. Bourgeois' Exception of Prescription sought to establish that the date of malpractice alleged in Mr. Singleton's medical review panel request was incorrect, and that the correct date of the act, omission or neglect for which Mr. Singleton sought review was more than five years prior to his filing of his medical review panel request, he argued that Mr. Singleton's claim was prescribed under both the one-year and three-year prescriptive periods. In the alternative, Dr. Bourgeois argued that even if the alleged May 2017 date was the correct date of the act, omission or neglect for which Mr. Singleton sought review, because Mr. Singleton's medical review panel request was filed more than one year after that date, it was prescribed on its face and Mr. Singleton "has no evidence to carry his burden of showing that his February 6, 2019 panel request was timely." Thus, Dr. Bourgeois has advanced two separate and distinct grounds upon which he contends that Mr. Singleton's action is prescribed: 1) that the date of the alleged act, omission or neglect alleged by Mr. Singleton in his medical review panel request is incorrect (the correct date being more than five years prior to Mr. Singleton's filing); and 2) that even if the date as alleged is correct, the action is still prescribed because it was filed more than a year after the alleged act, omission or neglect.

Despite the fact that Dr. Bourgeois has clearly alleged two separate and distinct grounds for his exception of prescription, he generally argues, without any differentiation between the two grounds, that because Mr. Singleton's medical review panel request is allegedly prescribed on its face, Mr. Singleton shoulders the burden of proof that his claim is not prescribed. Additionally, again without any differentiation between the two grounds for prescription, Dr. Bourgeois argues that because evidence was introduced at the hearing on his exception, the standard of appellate review is manifest error. We find that a proper analysis of Dr.

Bourgeois' exception requires us to separately examine the two distinct grounds for the exception, each of which, as will be discussed *infra*, require different burdens of proof and different standards of appellate review.

*Correct Date of Alleged Act, Omission or Neglect*

Ordinarily, the exceptor bears the burden of proof at trial of the peremptory exception, including prescription. *Woods v. Cousins*, 12-100 (La. App. 5 Cir. 10/16/12), 102 So.3d 977, 979, *writ denied,* 12-2452 (La. 1/11/13), 107 So.3d 617. However, if prescription is evident on the face of the pleadings, the burden shifts to the plaintiff to show that the action has not prescribed. *Id.*

Resolution of a contention that prescription is evident on the face of the pleading, by its very nature, is limited solely to a review of the facts as alleged in the pleading itself, without consideration of any extrinsic evidence. To the contrary, resolution of a contention that the date of malpractice as alleged in the pleading is incorrect, necessarily requires consideration of relevant extrinsic evidence, not merely consideration of the allegations of the pleading. Therefore, for the purpose of establishing which party has the burden of proof as to the ground of the exception asserting that the date of malpractice as alleged in the petition is incorrect, the resolution of which necessarily requires consideration of relevant extrinsic evidence outside the allegations of the petition, we find that the petition is not prescribed on its face and the initial burden of proof must remain with the mover on this ground of the exception.

Apparently recognizing that he would have the initial burden of proof as to this ground of his exception, Dr. Bourgeois introduced at the hearing of his exception, without any prior introduction of evidence by Mr. Singleton, his own April 4, 2019 affidavit regarding the date of the cervical procedure that he performed on Mr. Singleton, and his October 22, 2013 two-page dictated operative report for that procedure. Dr. Bourgeois contends that this evidence establishes

that the correct date of the procedure for which Mr. Singleton seeks review is October 22, 2013, which is more than five years prior to the filing of Mr. Singleton's request for review on February 6, 2019. He further contends that since he introduced evidence on the exception, and Mr. Singleton produced no contrary evidence, that the trial court's finding of fact as to the correct date of the act of alleged malpractice is not manifestly erroneous. Lastly, as to this ground of his exception, he contends that since the correct date of the procedure is October 22, 2013, which is more than five years prior to the filing of Mr. Singleton's request for review on February 6, 2019, Mr. Singleton's request is prescribed pursuant to both the one-year and three-year prescriptive periods for medical malpractice provided in La. R.S. 9:5628.

"On the trial of the peremptory exception pleaded at or prior to the trial of the case, evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition." La. C.C.P. art. 931. The standard of review of a trial court's ruling on a peremptory exception of prescription turns on whether evidence is introduced. *Wells Fargo Financial Louisiana, Inc. v. Galloway*, 17-413 (La. App. 4 Cir. 11/15/17), 231 So.3d 793, 800. When no evidence is introduced, appellate courts review judgments sustaining an exception of prescription *de novo*, accepting the facts alleged in the petition as true. *DeFelice v. Federated Nat'l Ins. Co.*, 18-374 (La. App. 5 Cir. 7/9/19), 279 So.3d 422, 426. However, when evidence is introduced at a trial on an exception of prescription, the trial court's findings of fact are reviewed under the manifest error standard. *Id.* "The standard of review of a trial court's finding of facts supporting prescription is that the appellate court should not disturb the finding of the trial court unless it is clearly wrong." *Felix v. Safeway Ins. Co.*, 15-701 (La. App. 4 Cir. 12/16/15), 183 So.3d 627, 631 (citations omitted).

Because Dr. Bourgeois introduced evidence as to this ground of his exception, we agree with his contention that the appellate standard of review as to this ground of his exception is manifest error. However, we first note that it is not entirely clear to this Court that the trial court made a factual finding as to the date of the procedure being October 22, 2013, or that it decided the exception of prescription on this ground of the exception.

The trial court did not provide reasons for its judgment, but did state at the conclusion of the hearing that "my ruling this morning was just simply based on what evidence I have before me in the record as it relates to your [Mr. Singleton's] opposition to the exception of prescription." The trial court made no statement regarding a finding as to the correct date of the procedure and did not indicate upon which ground it was deciding the exception. Because Mr. Singleton introduced no evidence on the exception, and the only evidence introduced by Dr. Bourgeois related to the cervical procedure being on October 22, 2013, our analysis will initially proceed on the assumption that the trial court made a factual finding that the correct date of the procedure was October 22, 2013.

A review of Dr. Bourgeois' affidavit reveals that he attested that he did not perform a cervical procedure on Mr. Singleton in May 2017 and that the only cervical surgery or cervical procedure of any kind that he performed on Mr. Singleton was on October 22, 2013. Significantly, Dr. Bourgeois did not attest that he never performed *any* medical procedure on Mr. Singleton in May 2017.[2] Therefore, Dr. Bourgeois' affidavit tended to establish one of two possibilities; either: 1) Mr. Singleton's *description* of the May 2017 procedure as a cervical

---

[2] We note that at the hearing on the exception, when the trial court twice pointedly asked counsel for Dr. Bourgeois whether Dr. Bourgeois performed a *back* surgery on Mr. Singleton in May 2017, as alleged in Mr. Singleton's purported First Amended and Supplemental Petition, counsel twice demurred and declined to answer the question.

procedure was incorrect; *or* 2) as urged by Dr. Bourgeois, the correct date of the procedure for which Mr. Singleton seeks review is October 22, 2013.

In response to Dr. Bourgeois' exception of prescription, Mr. Singleton, apparently recognizing that his request for review either incorrectly described the procedure for which he sought review or incorrectly stated the date of the procedure, filed with the trial court a Motion and Order for Leave of Court to File First Amended and Supplemental Petition for Medical Malpractice. In that amended petition, Mr. Singleton sought to clarify that the error in his initial request for review was in the description of the procedure, *not* the date of the procedure, and that the May 2017 procedure was in fact a back procedure rather than a cervical procedure. The trial court, apparently believing Mr. Singleton's motion to be procedurally proper, granted Mr. Singleton's motion and allowed the purported First Amended and Supplemental Petition to be filed into the trial court record prior to the hearing on Dr. Bourgeois' exception.

Mr. Singleton argued to the trial court that his amended petition removed the ground for the exception by clarifying that the procedure for which he sought review is a back procedure and that it occurred in May 2017 as alleged in his initial request. Dr. Bourgeois countered that the amended petition filed in the trial court was procedurally improper, in that there was no original petition to amend, and that the proper procedure would be to amend the medical review panel request with the Division of Administration. He further argues that the amended petition filed in the trial court is of no effect to remove the grounds for the exception. We agree.

Furthermore, Mr. Singleton's procedurally improper amended petition, because it was not verified by him, could not be considered as countervailing evidence to Dr. Bourgeois' affidavit, in order to establish that the procedure for which he seeks review was a back procedure which was performed in May 2017. Consequently, the only pertinent pleading before the trial court at the time that it

decided Dr. Bourgeois' exception was Mr. Singleton's initial request for a medical review panel, which seeks review for a cervical procedure, and the only evidence before the trial court at that time was Dr. Bourgeois' affidavit, which established that the only cervical procedure he performed on Mr. Singleton was on October 22, 2013. Therefore, to the extent that the trial court found the correct date of the procedure for which Mr. Singleton seeks review to be October 22, 2013, we are unable to conclude that the trial court, based upon the *evidence* before it at the time of deciding the exception, was manifestly erroneous.

However, La. C.C.P. art. 934 provides that "[w]hen the grounds of the objections pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception *shall* order such amendment within the delay allowed by the court" (emphasis added). The trial court, having before it in the record Mr. Singleton's procedurally improper amended petition, was clearly aware of Mr. Singleton's position that he could remove the grounds of this particular basis for Dr. Bourgeois' exception by amendment.[3]

We conclude that since Mr. Singleton's amended petition filed in the district court is procedurally improper and, as argued by Dr. Bourgeois, of no effect, Mr. Singleton has not been given the opportunity pursuant to La. C.C.P. art. 934 to properly amend his medical review panel request with the Division of Administration to remove the grounds of this particular basis for Dr. Bourgeois' exception. Accordingly, we amend the judgment of the trial court and order Mr. Singleton, pursuant to La. C.C.P. art. 934, within twenty days of the date of this

---

[3] To the extent that the trial court decided Dr. Bourgeois' exception of prescription on this ground of his exception, the trial court, upon its realization that its prior acquiescence of the filing of the amended "petition" in the district court was procedurally improper, should have afforded Mr. Singleton the opportunity to properly file the amended medical review panel "request" with the Division of Administration, thus removing the grounds for the exception of prescription by establishing the correct date of the alleged malpractice to be "in or around May 2017," as originally alleged. "Harsh rules of pleading are not favored in this state . . . Courts should look through the caption of pleadings in order to ascertain their substance and to do substantial justice to the parties." *State Dep't of Children & Family Servs. ex rel. A.L. v. Lowrie,* 14-1025 (La. 5/5/15), 167 So.3d 573, 578.

opinion, to amend his request for a medical review panel with the Division of Administration to remove this ground for Dr. Bourgeois' exception of prescription.[4]

*Delayed Discovery of Malpractice*

In the alternative, Dr. Bourgeois argues that even if the date of May 2017 as alleged in Mr. Singleton's medical review panel request is correct, that his action is still prescribed because it was filed on February 6, 2019, more than one year after the date of alleged malpractice. Consequently, in order for Mr. Singleton's action to remain viable, he must rely upon the "discovery rule" embodied in La. R.S. 9:5628, which, as previously stated, allows an action to be filed within one year of delayed discovery of an act of malpractice, as long as it is filed within a three-year time limit from the date of malpractice.

Dr. Bourgeois, however, additionally argues that because Mr. Singleton's request was filed more than a year after the alleged malpractice, his request is prescribed on its face and the burden of proof is thus shifted to Mr. Singleton to prove that his action is not prescribed. Regarding Dr. Bourgeois' contention of an automatic shifting of the burden of proof to the claimant in actions filed more than one year after the date of alleged malpractice, he is in error.

In *Campo v. Correa*, 01-2707 (La. 6/21/02), 828 So.2d 502, one of the issues to be resolved by the Louisiana Supreme Court, in order to establish which party bore the burden of proof on the exception of prescription, was the question of whether a request for a medical review panel filed more than one year after the date of alleged malpractice, but within a year of the date of alleged discovery, was

---

[4] We further note that, besides removing the grounds for the exception of prescription, Mr. Singleton would nevertheless be required to amend his medical review panel request with the Division of Administration in order that the medical review panel will be given the correct description of the procedure they will be reviewing.

prescribed on its face.[5]  In resolving that issue, the Court, noting a split among the State's circuit courts of appeal, concluded that, "a petition should not be found prescribed *on its face* if it is brought within one year of the date of discovery and facts alleged with particularity in the petition show that the patient was unaware of malpractice prior to the alleged date of discovery, and the delay in filing suit was not due to willful, negligent, or unreasonable action of the patient" (emphasis added)  *Campo*, 828 So.2d at 509.[6]

Thus, in order to determine which party bore the burden of proof on Dr. Bourgeois' alternative ground for his exception of prescription (*i.e.*, that Mr. Singleton's action is prescribed because it was filed more than a year after the alleged act, omission or neglect), we must first determine whether Mr. Singleton's request for a medical review panel sufficiently alleged a date of delayed discovery, prior to which he was unaware of the malpractice, and that his delay in filing was not due to willful, negligent, or unreasonable action on his part.

Mr. Singleton alleged in his request for a medical review panel that Dr. Bourgeois committed malpractice during a surgical procedure "in or around May 2017."  Mr. Singleton also alleged in his request that on February 10, 2018, he was "walking home from a Mardi Gras function at his local church when *suddenly and without warning* he *began* to experience excruciating pain."  (emphasis added)  These are the only two dates alleged in Mr. Singleton's request for a medical

---

[5] "The initial issue before us is whether the plaintiffs' petition was prescribed on its face when plaintiffs' claims are brought within one year from the date of discovery, but not more than three years from the alleged act of malpractice." *Campo*, 828 So.2d at 504.

[6] We acknowledge that imprecise language in various circuit court opinions subsequent to *Campo*, cited by Dr. Bourgeois in his appellate brief, can potentially be interpreted to suggest that a request for a medical review panel filed more than one year after the date of alleged malpractice is automatically prescribed on its face, thus shifting the burden of proof on the exception of prescription to the plaintiff. We note that any such proposition is directly contrary to the conclusion of the Louisiana Supreme Court in *Campo*.  The conclusion reached in *Campo* is the Louisiana Supreme Court's latest pronouncement on this issue and we are bound to follow that precedent.  We expressly reject any argument, or circuit court statements subsequent to *Campo*, that is contrary to the Louisiana Supreme Court's pronouncement in *Campo*.

review panel with any relevance to resolution of Dr. Bourgeois' exception of prescription.

Although Mr. Singleton did not specifically state that this was the first indication that he had of any injury, the use of the phrase "suddenly and without warning" and the word "began," together with the fact that no other date between May 2017 and February 10, 2018, was referenced in his request, strongly suggest that was the import of the allegation. Additionally, there simply is no other significance or relevance that we can assign to this allegation other than that it is the first date upon which Mr. Singleton had any indication that he was injured. Thus, Mr. Singleton's request sufficiently established a specific date of delayed discovery, *i.e.*, February 10, 2018.

Furthermore, accepting that Mr. Singleton's allegation sufficiently establishes that he had no indication prior to February 10, 2018, of any injury or complication as a result of his surgery, and there being no allegation in his request that contradicts that proposition, it would be impossible for Mr. Singleton to bring a cause of action regarding a matter of which he has no knowledge. We therefore find that his delay in filing was not due to willful, negligent, or unreasonable action on his part.

We conclude, therefore, applying the test established by the Louisiana Supreme Court in *Campo*, that Mr. Singleton's medical review panel request is not prescribed on its face. Thus, as the mover on the exception, Dr. Bourgeois had the initial burden to prove that Mr. Singleton's action was discovered by him more than a year prior to the filing of his medical review panel request such that it was prescribed. *Woods*, 102 So.3d at 979.

The only evidence submitted by Dr. Bourgeois related to his first ground for the exception of prescription, *i.e.*, that the correct date of the alleged malpractice was October 22, 2013, more than five years prior to Mr. Singleton's medical

review panel request. As to his alternative ground for his exception of prescription, which accepted the date of alleged malpractice as sometime in May 2017, Dr. Bourgeois presented absolutely no evidence pertinent to the date of Mr. Singleton's discovery of the alleged malpractice from which the trial court could make a factual finding contrary to Mr. Singleton's alleged date of delayed discovery. Consequently, because no evidence was admitted as to this ground of Dr. Bourgeois' exception of prescription, our standard of appellate review is *de novo*, accepting the facts alleged in the petition as true. *DeFelice*, 279 So.3d at 426.

With no evidence to contradict Mr. Singleton's allegation of the date of February 10, 2018, as the first date upon which he had any indication that he was injured as a result of Dr. Bourgeois' malpractice, we find upon our *de novo* review that Mr. Singleton's action, having been filed within one year of the date of his discovery of the alleged malpractice, and within the three-year time limitation from the date of alleged malpractice, is not prescribed.

**CONCLUSION**

To the extent that the trial court sustained Dr. Bourgeois' exception of prescription as to his first ground for the exception, by making a factual finding that the correct date of alleged malpractice was October 22, 2013, more than five years prior to Mr. Singleton's filing, we are unable to conclude that the trial court was manifestly erroneous. However, we amend the judgment of the trial court, order Mr. Singleton, pursuant to La. C.C.P. art. 934, within twenty days of the date of this opinion, to amend his request for a medical review panel with the Division of Administration to remove this ground for Dr. Bourgeois' exception of prescription, and affirm the judgment as amended.

As to Dr. Bourgeois' second ground for his exception of prescription, upon our *de novo* review, we find that Dr. Bourgeois failed to carry his burden of

proving that Mr. Singleton failed to file his request for a medical review panel within one year from his date of discovery of the alleged act, omission, or neglect.

**JUDGMENT AMENDED; AFFIRMED AS AMENDED; AND REMANDED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**SEPTEMBER 2, 2020** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 19-CA-578

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE STEPHEN D. ENRIGHT, JR. (DISTRICT JUDGE)
ANN M. JOHNSON-GRIFFIN (APPELLANT)      VELEKA ESKINDE (APPELLANT)      BENJAMIN J. BILLER (APPELLEE)
C. WILLIAM BRADLEY, JR. (APPELLEE)

**MAILED**
NO ATTORNEYS WERE MAILED