BRITANY HOLMES                                    NO. 23-C-443

VERSUS                                            FIFTH CIRCUIT

OCHSNER CLINIC FOUNDATION AND DR.                 COURT OF APPEAL
JAMES WOOLDRIDGE
                                                  STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Linda Wiseman
First Deputy, Clerk of Court

November 27, 2023

Linda Wiseman
First Deputy Clerk

**IN RE** OCHSNER CLINIC FOUNDATION AND DR. JAMES WOOLDRIDGE

---

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE ELLEN SHIRER KOVACH, DIVISION "K", NUMBER 799-597

---

Panel composed of Judges Susan M. Chehardy,
Jude G. Gravois, and John J. Molaison, Jr.

**WRIT GRANTED; JUDGMENT DENYING EXCEPTION OF PRESCRIPTION REVERSED; EXCEPTION OF PRESCRIPTION GRANTED; CLAIMS DISMISSED WITH PREJUDICE**

For the second time in this medical malpractice matter, we are presented with the issue of whether the plaintiff/respondent, Britany Holmes', request for a medical review panel is prescribed. In our prior disposition, we held that the trial court had an insufficient evidentiary basis upon which to deny the relators' exception of prescription and vacated the trial court's ruling while remanding for further proceedings. *See Holmes v. Ochsner*, 20-304 (La. App. 5 Cir. 10/21/20) (unpublished writ disposition).[1] The application indicates that, following remand, the defendants/relators, Ochsner Clinic Foundation and Dr. James Wooldridge, again urged their exception of prescription as to Ms. Holmes' April 11, 2018 refiled claim with the Patient's Compensation Fund ("PCF"), and a trial court hearing on the exception was conducted on July 19, 2023. The trial court's order

---

[1] In our prior disposition, we summarized the procedural history at that time as follows:

On December 27, 2016, plaintiff underwent a laparoscopic sleeve gastrectomy and EGD. On January 23, 2018, plaintiff, Britany Holmes, submitted a complaint requesting a medical review panel. Plaintiff alleged that after the procedure, she began to experience complications and was diagnosed with Wernicke's encephalopathy on March 10, 2017, due to defendants' negligent treatment following the procedure. In her complaint, plaintiff specifies that the negligent treatment occurred after the procedure from January 9 – March 7, 2017. Plaintiff did not submit a filing fee as instructed by the Patient's Compensation Fund ("PCF") and on April 9, 2018, the PCF notified plaintiff that her complaint was invalid and without effect. On April 11, 2018, plaintiff resubmitted her complaint to the PCF raising the same allegations against defendants.

denying the exception of prescription was issued on August 11, 2023, and this timely writ application followed.

Several underlying dates pertaining to Ms. Holmes' cause of action are not in dispute. These are, in relevant part: December 27, 2016, as the date of her laparoscopic sleeve gastrectomy and EGD; Ms. Holmes' diagnosis with Wernicke's encephalopathy on March 10, 2017, and her initial complaint filed with the PCF on January 23, 2018, which was deemed invalid for non-payment of fees on April 9, 2018. In opposing the exception, however, Ms. Holmes argued that after her March 10, 2017 diagnosis, she continued to treat with Dr. Wooldridge through at least July 5, 2017, under the belief that her symptoms "were simply complications following the bariatric procedure," while being told by Dr. Wooldridge that her condition was improving. Ms. Holmes concludes, in summary, that her continuous treatment with Dr. Wooldridge should serve to interrupt any prescriptive periods.

**Law and analysis**

The prescriptive period for a claim of medical malpractice is governed by La. R.S. 9:5628(A) which provides, in relevant part, that no action for damages for injury or death against any physician or hospital based upon tort shall be brought unless filed within one year from the date of the alleged act, omission, or neglect, or within one year from the date of discovery of the alleged act, omission, or neglect.

La. R.S. 40:1231.8(c) states that "[a] claimant shall have forty-five days from the date of receipt by the claimant of the confirmation of receipt of the request for review in accordance with Subparagraph (3)(a) of this Subsection to pay to the board a filing fee in the amount of one hundred dollars per named defendant qualified under this Part." Louisiana courts have consistently acknowledged that a claimant's failure to remit payment or proof of waiver of filing fees within the 45-day period renders a request for review of a medical malpractice claim invalid and without effect. *In re Med. Rev. Panel Proc. of Berry*, 09-0752 (La. App. 4 Cir. 1/27/10), 30 So.3d 251, 258. An invalid request for a medical review panel does not stop the tolling of prescription, as per La. R.S. 40:1231.8(A)(1)(e).

In her first request to convene a medical review panel, the alleged deviations from the standard of care pertained to monitoring and treatment of a condition related to a deficiency in vitamin B1, and were alleged to have occurred between January 9, 2017, and March 7, 2017. Notably, Ms. Holmes did not allege dates of treatment past March 7, 2017. Based on dates of treatment provided, Ms. Holmes' original January 23, 2018 request for a medical review panel was timely. However, because of non-payment of fees, the request for review was declared on April 9, 2018 to have no effect. Ms. Holmes' second request for a medical review panel was filed on April 11, 2018, and again alleged the "Date of Incident" was from "January 9 – March 7, 2017." Therefore, on the face of the request itself, the April 11, 2018 filing was outside of the one-year period contained in La. R.S. 9:5628(A).

Ordinarily, the exceptor bears the burden of proof at trial of the peremptory exception, including prescription. *Woods v. Cousins*, 12-100 (La. App. 5 Cir. 10/16/12), 102 So.3d 977, 979, *writ denied*, 12-2452 (La. 1/11/13), 107 So.3d 617. However, if prescription is evident on the face of the pleadings, the burden shifts to

the plaintiff to show that the action has not prescribed. *Id*. Evidence may be introduced to support or controvert an exception of prescription. *Id*. at 978; La. C.C.P. art. 931. The standard of review applied to address a trial court's judgment sustaining a prescription exception varies based on whether evidence was introduced in the trial court at the hearing on the exception. When prescription is raised by peremptory exception, with evidence being introduced at the hearing on the exception, the trial court's findings of fact on the issue of prescription are subject to the manifest error-clearly wrong standard of review." *London Towne Condo. Homeowner's Ass'n v. London Towne Co*., 06-401 (La. 10/17/06), 939 So.2d 1227, 1231.

In opposing the relators' exception of prescription, Ms. Holmes introduced portions of her medical record into evidence at the hearing. Of relevance are notes from Dr. Wooldridge that document appointments continuing through July 5, 2017. Based on this evidence, Ms. Holmes concludes that she has proven continuous treatment by Dr. Wooldridge, during which time he "made active assertions to the plaintiff, expressed after she had expressed concerns, where he assured her that her treatment with him was ongoing and her condition might resolve."

As argued by the relators, the Louisiana Supreme Court clarified the relationship between *contra non valentem*[2] and the continuation of treatment by a medical provider. In *Mitchell v. Baton Rouge Orthopedic Clinic, L.L.C*., 21-00061 (La. 10/10/21), 333 So.3d 368, 374, *reh'g denied*, 21-00061 (La. 1/28/22), 347 So. 3d 884, the date of the plaintiff's discovery of the alleged medical malpractice was not contested. However, the petition was not filed within one year of the alleged malpractice. The medical provider filed an exception of prescription, which the plaintiff opposed under the theory that continuing treatment with the same provider interrupted prescription *by contra non valentem.* In upholding the trial court's ruling that granted the exception of prescription, the Supreme Court explained:

> As these cases illustrate, in order for the continuing treatment rule to suspend a prescriptive period, there must be a showing that the physician provided continued treatment to the patient that is related to the alleged act of malpractice and that is more than perfunctory. Furthermore, there must be a showing that the physician's subsequent conduct classifies as behavior designed to prevent the plaintiff from asserting a claim, whether it be in the form of concealment, misrepresentation, fraud or ill practices.

*Id*. at 378. The court concluded that the plaintiff had been allowed to present the merits of her case against the medical provider through pleadings and during the hearing on the exception of prescription, and nothing in the record indicated that the doctor in any way abused the physician-patient relationship so as to prevent the plaintiff from discovering the alleged malpractice.

In the instant case, a liberal reading of Ms. Holmes' original and second request for a medical review panel specifically identifies the alleged acts of malpractice as failing to identify a "B1 leak" and not administering "B1 injections" between the dates of January 9, 2017 and March 7, 2017. On March 7, 2017, in reply to an email sent by Ms. Holmes to Dr. Wooldridge's office regarding leg issues, a nurse in Dr. Wooldridge's office replied that "[y]ou were deficient in

---

[2] The full term is *Contra non valentem agere nulla currit praescriptio* ("prescription does not run against the party unable to act.")

3

Vitamin B1 and this can sometimes cause some neuromuscular issues so we are ordering B1 to be given through injection." It appears that, based on the March 7, 2017 emails, Ms. Holmes became aware of the information upon which her claim is based. Applying the court's reasoning in *Mitchell v. Baton Rouge Orthopedic Clinic, L.L.C.*, *supra*, to the instant facts, to successfully argue an interruption of prescription, Ms. Holmes would have to prove the relators used the ongoing doctor-patient relationship to prevent her from discovering any malpractice related to B-1 issues.

Here, while the evidence introduced inarguably shows Ms. Holmes' continuing treatment with Dr. Wooldridge after March 7, 2017, the evidence does not show a deliberate attempt to conceal additional information about the B-1 issue, which is the standard required by *Mitchell*. A progress note from Dr. Fontenot dated May 3, 2017 recorded that Ms. Holmes had been taking various types of B vitamins on a daily, weekly and monthly basis. In a note written by Dr. Wooldridge on July 5, 2017, he recounts the results of Ms. Holmes' physical exam, notes her progress since the surgery, and records the plan he gave her to follow, which included continuing "daily vitamins." To the extent that Ms. Holmes suffered from the effects of Wernicke's encephalopathy, Dr. Wooldridge indicated in his note that she should "[c]ontinue treatment with neurology and PT." Ms. Holmes does not point to any portion of the record as evidence that Dr. Wooldridge deliberately used the doctor-patient relationship to conceal an act of malpractice related to a B-1 deficiency.

## Conclusion

After our review of the application, we conclude that Ms. Holmes' initial request to convene a medical review panel, which alleged deviations from the standard of care between January 9, 2017 and March 7, 2017, was timely filed on January 23, 2018. The request was deemed invalid for non-payment of fees on April 9, 2018. On its face, Ms. Holmes' second request for a medical review panel, which was filed on April 11, 2018, and again alleged that the "Date of Incident" was from "January 9 – March 7, 2017," was untimely on its face. Based on the evidence presented, we find that Ms. Holmes has failed to prove under the standard set forth in *Mitchell v. Baton Rouge Orthopedic Clinic, L.L.C.*, *supra*, that Dr. Wooldridge used a continuing doctor-patient relationship to hide an act of malpractice related to Ms. Holmes' B vitamin levels. Therefore, we find that the trial court erred in denying the relators' exception of prescription. Accordingly, the writ application is granted, the trial court's judgment denying the exception of prescription is reversed, the relators' exception of prescription is granted, and plaintiff's claims against the relators are dismissed with prejudice.

Gretna, Louisiana, this 27th day of November, 2023.

**JJM**
**SMC**
**JGG**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **11/27/2023** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**23-C-443**

### E-NOTIFIED

24th Judicial District Court (Clerk)
Honorable Ellen Shirer Kovach (DISTRICT JUDGE)
Jude D. Bourque (Relator)
Zachary R. Christiansen (Respondent)

### MAILED