RANDY PETTY

VERSUS

KAC PROPERTIES LLC, KEITH
COUVILLIAN, AND XYZ INSURANCE
COMPANY

NO. 23-CA-408

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 832-873, DIVISION "K"
HONORABLE ELLEN SHIRER KOVACH, JUDGE PRESIDING

March 27, 2024

**SCOTT U. SCHLEGEL**
**JUDGE**

Panel composed of Judges Fredericka Homberg Wicker,
Stephen J. Windhorst, and Scott U. Schlegel

<u>**REVERSED AND REMANDED**</u>

    **SUS**
    **FHW**
    **SJW**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Morgan Naquin
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
RANDY PETTY
 Robert A. Pearson

COUNSEL FOR DEFENDANT/APPELLEE,
KAC PROPERTIES LLC AND KEITH COUVILLIAN
 Michael D. Cangelosi
 Kate C. Casanova

**SCHLEGEL, J.**

In this case for recovery of property damages, plaintiff/appellant, Randy Petty, appeals the trial court's April 27, 2023 judgment, which granted the exception of prescription filed by defendants/appellees, KAC Properties, LLC and Keith Couvillion, and dismissed plaintiff's claims with prejudice. For the following reasons, we reverse the trial court's judgment and remand for further proceedings.

*Facts and Procedural History*

On September 13, 2022, Mr. Petty filed a petition for damages asserting that KAC Properties or Mr. Couvillion owned property next to Mr. Petty, which had a large tree that had been neglected and was in terrible condition. The petition alleged that on or about August 29, 2021, Hurricane Ida made landfall in Jefferson Parish, Louisiana, and that Mr. Petty evacuated as a result of the recommendations of state officials. The petition further alleged that on September 17, 2021, Mr. Petty was able to return to inspect his property, where he found that the tree had fallen on his property causing damage to the house and fence.

On November 29, 2022, defendants filed an exception of prescription asserting that the one-year prescriptive period for torts applied, and that Mr. Petty should have filed his petition by August 29, 2022, within one year of Hurricane Ida hitting landfall. Defendants asserted that plaintiff's claims were prescribed on the face of the petition.

In response, Mr. Petty argued that he and his family evacuated from the storm from their primary residence in Baton Rouge, and did not get back to the property until September 17, 2021. He argued that under La. C.C. art. 3493, the prescriptive period for damages to immovable property is one year, which runs from the date damages were sustained or from the date the owner of the damaged property acquired, or should have acquired, knowledge of the damage. He further

argued that the prescriptive date of La. C.C. art. 3493 is triggered by actual or constructive knowledge of the damage, which in this case would have been September 17, 2021 when he returned home, resulting in a prescription date of one year after his return to the property on September 17, 2022. Thus, Mr. Petty asserts his petition filed on September 13, 2022 was timely filed.

Following a hearing, the district court entered judgment granting defendants' exception of prescription on the grounds that Mr. Petty had constructive knowledge of the alleged damage caused by Hurricane Ida on August 29, 2021. This timely appeal followed.

*Law and Analysis*

An exception of prescription is a type of peremptory exception. The function of the peremptory exception is to have the plaintiff's action declared legally nonexistent, or barred by the effect of law, and hence this exception tends to dismiss or defeat the action. *Ruffins v. HAZA Foods of Louisiana, LLC*, 21-619 (La. App. 5 Cir. 5/25/22), 341 So.3d 1259, 1262. Ordinarily, the exceptor bears the burden of proof at the trial of the peremptory exception, including prescription. However, if prescription is evident on the face of the pleadings, the burden shifts to the plaintiff to show that the action has not prescribed. When a cause of action is prescribed on its face, the burden is upon the plaintiff to show that the running of prescription was suspended or interrupted in some manner. *Id.*, *citing Woods v. Cousins*, 12-100 (La. App. 5 Cir. 10/16/12), 102 So.3d 977, 979, *writ denied*, 12-2452 (La. 1/11/13), 107 So.3d 617. Prescriptive statutes are strictly construed against prescription and in favor of the obligation sought to be enforced. *Burke v. Cohen*, 19-544 (La. App. 5 Cir. 5/28/20), 296 So.3d 1231, 1236.

At the trial of a peremptory exception of prescription, "evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition." *Ruffins*, 341 So.3d at 1262,

*citing Woods*, 102 So.3d at 978. In the absence of evidence, the exception of prescription must be decided on the facts alleged in the petition, which are accepted as true. *Ruffins*, 341 So.3d at 1262. But the latter principle applies only to properly-pleaded material allegations of fact, as opposed to allegations deficient in material detail, conclusory factual allegations, or allegations of law. *Id.*

The standard of review of a trial court's ruling on a peremptory exception of prescription turns on whether evidence is introduced. *Id.* When no evidence is introduced, appellate courts review judgments sustaining an exception of prescription *de novo*, accepting the facts alleged in the petition as true. *Id.* at 1263. However, when evidence is introduced at a hearing on an exception of prescription, the trial court's findings of fact are reviewed under the manifest error standard. *Id.*

Louisiana law establishes that delictual actions are subject to a liberative prescription of one year, which commences to run from the day injury or damage is sustained. La. C.C. art. 3492. In addition, La. C.C. art. 3493 provides: "When damage is caused to immovable property, the one year prescription commences to run from the day the owner of the immovable acquired, or should have acquired, knowledge of the damage."

No evidence was introduced at the trial court hearing. Thus, the court reviews the trial court's judgment *de novo*, and accepts the facts alleged in the petition as true.

Mr. Petty argues that the trial court committed manifest error in failing to find that prescription was suspended under the doctrine of *contra non valentem* because it is uncontroverted that Mr. Petty did not discover the damage to his property until September 17, 2021, and thus his claim was timely when it was filed on September 13, 2022. Plaintiff further contends that it is erroneous to assess an

August 29, 2022 prescription date, on the premise that he should have known that damage occurred on that date due to his knowledge of a hurricane making landfall.

In this case, although the petition references Hurricane Ida making landfall on or about August 29, 2021, the petition does not actually allege a specific date when the tree fell and damaged his property. And the defendants did not introduce evidence as to when the damage occurred. Furthermore, plaintiff alleged in his petition that the fallen tree was already in decay and likely to fall at any time.

Because prescription is not evident on the face of the pleadings, the burden did not shift from defendants to plaintiff to show that the action had not prescribed. And the court cannot infer that Mr. Petty had constructive knowledge of an August 29, 2022 prescription date based solely upon the fact that a hurricane made landfall on that date. Considering that prescription statutes are to be strictly construed against prescription, we find that the trial court erred in granting defendants' exception of prescription. It is uncontroverted that Mr. Petty discovered the damage to his property on September 17, 2021

Accordingly, the judgment of the trial court sustaining defendants' exception of prescription is reversed, and the case is remanded for further proceedings consistent with this opinion.

**REVERSED AND REMANDED**.

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**MARCH 27, 2024** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 23-CA-408

### E-NOTIFIED
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE ELLEN SHIRER KOVACH (DISTRICT JUDGE)
KATE C. CASANOVA (APPELLEE)          MICHAEL D. CANGELOSI (APPELLEE)

### MAILED
JOELANN S. ROUSELL (APPELLANT)          ROBERT A. PEARSON (APPELLANT)
ATTORNEY AT LAW                         ATTORNEY AT LAW
1799 STUMPF BOULEVARD                    4480 GENERAL DEGAULLE DRIVE
BUILDING 6-1                            NEW ORLEANS, LA 70131
GRETNA, LA 70056